## Mills v. Paynter.

1. RES ADJUDICATA : The decision of a tribunal acting within its jurisdiction, whether it be a court or merely a board, or an officer having special enumerated powers, can be reviewed or set aside only by a direct proceeding for that purpose.

2. TOWN-SITE ACT : The mayor of a city under the town-site act, in determining a controversy between adverse claimants to the same lot, acts judicially, and his decision can be reviewed only by appeal.

This was an action for the recovery of the possession of real property, brought in the District Court for Douglas county. The answer was as follows :

"And now comes George M. Mills, the defendant, and for answer to the matters contained in the petition of the plaintiff, says that he denies all the statements and allegations in said petition contained.

"And this defendant, further answering, denies that the said plaintiff now is, or was, on the first day of May, 1857, seized of the lands and premises in said petition described, to wit : lot number eight, in block one hundred and thirty-five, in the city of Omaha, county of Douglas, Nebraska Territory, for an estate of inheritance in fee simple absolute. And this defendant, further answering, denies that the said plaintiff has the lawful title thereto, or that he is entitled to the possession thereof. And this defendant, further answering, denies that he unlawfully keeps the said plaintiff out of the possession of the land and premises in said petition described. And this defendant, further answering, says that he is now and was in possession of said land and premises ever since the seventh day of February, A. D. 1856, and that he now, and ever since the said seventh day of February, 1856, held possession of said property and premises, by consent and authority of one Anna Mills, a resident of said city of Omaha, Douglas

MILLS v. PAYNTER.

county, Nebraska Territory, who became and was, on the said seventh day of February, 1856, and still continues. to be, legally, lawfully and equitably seized and possessed of the said land and premises, to wit : lot number eight; in block one hundred and thirty-five, in said city of Omaha, by virtue of a deed executed to her by one William D. Brown, who was also a resident and occupant of said city of Omaha.

"*And this defendant, further answering, says that the said William D. Brown, on or about the 1st day of March, A. D.* 1854, *settled upon and occupied that portion of the public lands upon which said city of Omaha is now situated, and that afterwards, to wit, some time in the month of June or July, A. D.* 1854, *he, together with others, caused the same to be surveyed into blocks, streets and alleys, and occupied the same as a town site, and had a plat thereof recorded as by law required, that they called the same Omaha city. And this defendant, further answering, says that afterwards, to wit, on the second day of February, A. D.* 1857, *the said city became and was incorporated with power to elect a mayor, and that, on the 1st Monday in March,* 1857, *one Jesse Lowe claimed to be duly elected mayor of said city of Omaha, and entered upon the duties of his office of mayor, and, in accordance with the act of Congress, approved May* 23, 1844, *entitled 'An act for the relief of citizens of towns upon the lands of the United States, under certain circumstances,' he, the said Jesse Lowe, mayor, as aforesaid, did enter at the United States Land office, in the city of Omaha, Douglas county, Nebraska Territory, the northeast quarter and the north half of the northwest quarter of section number twenty-two and lot number two in fractional section number twenty-three, township number fifteen, north of range number thirteen, east of the sixth principal meridian in the Territory of Nebraska, in trust for the several use and benefit of the occupants*

MILLS v. PAYNTER.

*thereof, according to their respective interests ; and that the land and premises described in said plaintiff's petition is a part and parcel of the land so entered in trust, as aforesaid, by Jesse Lowe, mayor as aforesaid. And this defendant further says that the said Anna Mills was, on the seventh day of February, A. D. 1856, an actual occupant of said lands and premises, and that she has continued in the occupancy thereof down to the present time, and that she has made large and valuable improvements on said land and premises, to wit, improvements of the value of two thousand dollars ; that the said improvements were all made previous to the 20th day of April, A. D. 1857, and the said Jesse Lowe, mayor as aforesaid, well knowing of the actual occupancy and improvements of the said Anna Mills, and at the same time well knowing that the said John I. Paynter never was in possession or occupancy of said land and premises, and further, well knowing that said John I. Paynter had no legal right or equitable right thereto, on the 21st day of April, A. D. 1857, in direct violation of said trust, fraudulently made and executed a deed for said lands and premises described in the plaintiff's petition to said John I. Payuter, plaintiff in this suit, and that the so making of the said deed by the said Jesse Lowe, as mayor and trustee, to the said John I. Payuter, was in direct violation of said trust, and of the act of Congress aforesaid. And this defendant further says that said deed should have been made to Anna Mills, and not to John I. Paynter ;* defendant, therefore prays that he be hence dismissed with his costs."

The parts of this answer printed in italics was demurred to and stricken out under the plaintiff's exception. The cause was tried to a jury, when an offer was made to prove the same facts as were alleged in and stricken from the the answer, which offer was, under exception of plaintiff, rejected by the court. A verdict and judgment was ren-

MILLS v. PAYNTER.

dered for the defendant, and the plaintiff appealed to this court.

R. A. Howard, for appellant.

J. M. Woolworth, contra.

WAKELY, J.

An "action for the recovery of real property," the simplified name substituted by the Code for the action of ejectment, was brought by Paynter against Mills.

Before the petition was answered the plaintiff obtained leave to amend it. The amended petition was demurred to, the demurrer was overruled, and the defendant answered. On motion of the plaintiff certain parts of the answer were stricken out, whereupon an amended answer was filed. To a part of the amended answer plaintiff demurred; the demurrer was sustained, and to the other part of the amended answer a replication was filed. A trial was had, which resulted in a judgment for the plaintiff, and the defendant appealed.

It is assigned as error, first, that defendant's demurrer to the plaintiff's amended petition was overruled. I do not find this demurrer in the record, and we could not therefore determine whether it was well taken. Besides, the defendant, after his demurrer was overruled, filed an answer to the same pleading to which he had demurred. It has been often held that by such a step the party waives the error, if any, in the overruling of his demurrer. It is not necessary here to decide whether this principle is affected by anything in our Code.

It is alleged, secondly, that the court erred in sustaining the plaintiff's demurrer to a part of the amended answer, and, thirdly, that there was error in excluding certain evidence offered by the defendant on the trial.

The facts proposed to be proven were set forth in that part of the answer covered by the demurrer, and not elsewhere. They were not relevant, except to sustain the pleadings founded upon them, and the demurrer to the pleading having been sustained, the evidence could not be received. The third point, therefore, is merged in the second, which goes to the correctness of the ruling upon the demurrer. It is proper here to observe that the third assignment of error assumes the offer of evidence to have been broader than it appears by the bill of exceptions to have been. The offer there stated was merely to prove that the mayor's deed to Paynter was obtained in fraud of defendant's rights, and in violation of the trust created in the mayor as trustee for the occupants and owners of lots. No specific act of fraud was pointed out in the offer of proof, and it was evidently intended to suggest the same matter alleged in the answer and involved in the determination of the demurrer.

The answer having, among other things, set up possession of the premises by defendant, under authority of one Anna Mills, who was seized thereof by virtue of a deed from one William D. Brown, proceeds to state the ground of defense which is demurred to. Without recapitulating the facts stated in this part of the answer, it is sufficient to say that they were intended to show, and let it be granted here that they do show, *prima facie*, that Anna Mills, instead of Paynter, was entitled to the deed from the mayor. Then follows this averment: "And the said Jesse Lowe, mayor, as aforesaid, well knowing of the actual occupancy and improvements of said Anna Mills, and at the same time well knowing that said John I. Paynter never was in the possession or occupancy of said lands and premises, and further knowing that said John I. Paynter had no legal or equitable right thereto, * * in direct violation of said trust, fraudulently made and executed a

deed for said lands and premises &#42; &#42; to said John I.
Paynter." It is averred further, that this "was in direct
violation of said trust and of the act of Congress aforesaid,
and that said deed should have been made to Anna Mills,
and not to John I. Paynter."

Is there any thing alleged in this answer sufficient to
impair the validity of the deed from the mayor to Paynter?

The act "regulating the disposal of lands purchased in
trust for town sites" requires the mayor to execute a deed
of each lot to the person entitled to it, and when the same
lot is claimed by two or more persons, to hear and deter-
mine all questions of title according to law and evidence,
and give a deed to the person adjudged to have the best
title. It also allows appeals, by persons aggrieved, to the
district court. By virtue of his power, under this act, the
mayor executed the deed. The power so conferred is, in
its nature, judicial. He is to hear and determine ques-
tions of title according to law and evidence, and adjudge
which of the claimants is entitled to a deed. The power
of the legislature to confer this jurisdiction upon the
mayor, the efficacy of his deed to the successful claimant,
or to the person entitled to a deed when there is no con-
test, are questions not raised by the pleadings or made
in this case. The answer does not question the jurisdiction
of the mayor, nor the validity of his deed, except for the
reasons specially given. We are to determine whether
these are sufficient.

The rule is general that the decision of a tribunal acting
within its jurisdiction, whether it be a court or merely a
board, or an officer having special enumerated powers, can
be reviewed or set aside only by a direct proceeding for
that purpose. As to the merits of the controversy, it is
conclusive between parties and privies in all collateral pro-
ceedings. This doctrine has been long and undeviatingly
sanctioned. It disposes of all that part of the answer

designed to show that Anna Mills was entitled to a deed. However clearly that may appear from the facts as stated, or may have been proven before the mayor, his determination of the question could not be reviewed in the district court in a collateral proceeding between the same parties or their privies.

· Want of jurisdiction is, of course, fatal to any judgment or determination. There are authorities, also, that fraud may be given in evidence to impeach a judgment in a collateral proceeding, where title derived through such judgment is relied upon. Among the cases in which it is so held is that of *Webster* v. *Reid*, 11 *Howard*, 437, and a stranger to the judgment may show that it was rendered by fraud and collusion between the parties to it. This is well settled; but I think no instance will be found where that which is alleged to have been fraudulent in this case has been held to vitiate a judgment. The allegation is, in substance, that the mayor, well knowing that Anna Mills was entitled to the deed, fraudulently made and delivered it to Paynter. The fraud charged is that the mayor purposely gave a wrong judgment. Grant that the judgment was erroneous, it can make no difference as to its validity whether the mayor intended to decide correctly or wrongfully — whether there was a mere error of judgment or a willful perversion of law. The judgment in either case would be conclusive in a collateral proceeding. If there be any authority to the contrary I have not met with it. There is no averment of any fraudulent practice or device in the course of the proceedings, of a want of notice, of surprise, of a false record, of deception practiced upon the unsuccessful claimant. In short, there is nothing averred to negative a full, fair and regular trial before the mayor of the disputed title to the premises, except that the final decision was fraudulent, because it was contrary to what the mayor well knew it ought to have been. As the conduct imputed to

MILLS *v.* PAYNTER.

the mayor would be reprehensible, if not corrupt, in an officer exercising the delicate power intrusted to him in this class of cases, it is well to see whether the answer states facts to justify the severe term "fraudulent" which it applies to his decision. Section 3 of the act in question, requires the mayor to "hear and determine all questions of title according to law and evidence, and give to the person adjudged to have the best title a deed in fee simple." What is the mayor's duty? Is it to adjudge according to what he may know of the facts, or according to what is proven? No elementary principle is better known than that, in all judicial investigations, the facts must be found according to the proofs, unaffected by the private knowledge of the officer or the jury who try the issue. The express language of the act is that the mayor shall determine according to "law and evidence." The answer does not deny that the mayor so determined in this case. It does not show that any evidence was offered before him of Anna Mills' right to the deed, nor deny that evidence was given conclusively establishing the right of Paynter. It is silent as to all the proceedings before the mayor. These are presumed to have been regular, and the answer should have at least asserted that they were not, and have not shown wherein they were not, regular before it pronounced the judgment fraudulent. I have confined myself to the sufficiency of what is set forth in the answer as a defense against the plaintiff's title, without intending to touch the general question of the effect or conclusiveness of a mayor's deed, or any question not involved in the demurrer. The judgment should be affirmed.

Judgment affirmed.