## AYRES *v.* CAMPBELL.

Where the record does not disclose what part of the instructions of the court below, were given, or what refused, or whether all were given or refused, this court cannot consider any assignment of error having reference to such instructions.

Where, in an action to recover the rents and profits of real estate, both parties claimed title from J. C., and the defence set up, was: That the deed under which plaintiff claimed had never been delivered; that two hundred dollars was to be paid by plaintiff to a third person for the benefit of the said J. C. before the deed was to be delivered; that plaintiff wrongfully obtained the possession of the deed, without paying the money; that one of the defendants was surety for the payment of this money; and that, in consideration of his having to pay said sum, the said C. had transferred to him a title bond he held for the lot, and all his interest therein; and where the defendants to prove this defence, offered the said C. as a witness; *Held,* that the witness was interested, and, therefore, incompetent.

### *Appeal from the Polk District Court.*

THIS suit was brought to recover the rents and profits of certain real estate described in the petition. The defence set up was substantially as follows: That one Joseph Crews purchased the said lot of the board of commissioners of Polk county, about the 17th of February, 1847, for about forty dollars, one-sixth of which sum he then paid down, and was to pay the balance in three equal installments of six, twelve and eighteen months; that the said board executed to him a bond, conditioned to make him a deed to said lot upon final payment being made therefor; that said Crews immediately took possession, and erected valuable improvements thereon; that on the 19th day of January, 1849, said Crews being indebted to one Jacob Frederick in the sum of two hundred dollars, James Campbell, one of the defendants, and one W. A. Scott, at the request of said Crews, became security for the payment of said money, with interest, to said Frederick; that in consideration of the said Campbell and Scott having become his surety, and of one hundred dollars received of them, and to secure them, in case they, or

either of them, should have said sum to pay, said Crews ex-
ecuted to said Campbell and Scott, a mortgage on said lot
and improvements, conditioned that if the said Crews shall
save said Campbell and Scott harmless from the payment of
said two hundred dollars, with interest and costs, the said
mortgage should be void: that said Crews failed to pay said
money; that after the condition of said mortgage had been
forfeited, the said Crews being anxious to pay said debt,
about the 7th day of March, 1849, made an arrangement
with the plaintiff, to sell and convey to him said lot, in con-
sideration, and upon the express condition, that said plain-
tiff would pay therefor about the sum of four hundred and
fifty dollars, in manner following: about thirty-five dollars
to the county of Polk—that being the balance of the pur-
chase money then due on said lot; pay off said sum of two
hundred dollars, with interest, due to Frederick, and about
one hundred and eleven dollars to James Lacy; and the
balance, from eighty to ninety dollars, said plaintiff was to
pay to said Crews; that by the terms and the conditions of the
said contract of sale, the said plaintiff was to pay each and
all of said sums of money, before he was entitled to receive
the deed for said lot; that the said Crews then went with
said plaintiff, to the office of the clerk of the board of com-
missioners of said county, with a deed, with the name of said
plaintiff as grantee, and had the same ready for delivery to him,
upon his complying with the conditions of said contract; that
said plaintiff then paid said sum of thirty-five dollars to the
said county; and said Crews, supposing that said plaintiff in-
tended to perform the conditions of said contract, left said
office, to get the bond of said board which he held for said
lot, and while said Crews was absent for said bond, the said
plaintiff, without having complied with his said contract,
and without the consent or authority of said Crews, took and
carried away the deed so made by Crews, and had the
same placed upon record; that the said plaintiff has not paid
for said lot, and the said sum of two hundred dollars, or any
part thereof, has not been paid by said plaintiff to said
Frederick. The answer then goes on to allege, that said

Crews never delivered the bond from the board of commis-sioners for said lot, to the clerk of said board; that the said Campbell had to pay to the said Frederick, the said sum of two hundred dollars, with interest; and that the said Crews subsequently sold the said lot, and delivered the said title bond to the said Campbell, which said bond has been lost or mislaid.    Some other matters are set up in the answer, not necessary to be here noticed.   · To· this answer a replication was filed, and to the replication, a rejoinder.    On the trial, before a jury, the defendants called Joseph Crews, as a wit-ness.·   The plaintiff objected to the witness, on the ground of interest, which objection was overruled, and the witness permitted to testify, to which ruling the plaintiff excepted. The jury returned a verdict for the defendants, upon which, after a motion to set aside the verdict was overruled, judg-ment was entered.    The plaintiff appeals, and in this court assigns the following errors :

1. In admitting the witness Crews, to testify ;

2. In giving the instructions asked by defendants ;

3. In refusing the instructions asked by plaintiff.

*Jewett & Knapp,* for appellant.

*Bates & Finch,* for appellees.

ISBELL, J.(1)—The questions attempted to be raised on the instructions of the court in this case, we cannot consider, for the reason that the record does not disclose what of the instructions were given, or what refused, or whether all were given or all refused.

The only substantial question for our consideration, is, does the record disclose such an interest in Joseph Crews, as to disqualify him as a witness for the defendants ? The action is brought to recover the rents and profits arising

(1) WRIGHT, C. J., having been of counsel, in the court below, took no part in the decision of this cause.

Ayres v. Campbell.

from lot 2, in block 36, in Fort Des Moines, which the plaintiff alleges has been, from the 7th day of March, 1849, his property, and that he has been from that time entitled to the rents and profits; and that the defendants have held the same, and received the rents and profits to the amount of nine hundred dollars.

The case has not been argued at length, and we are left to wade through voluminous pleadings to reach a point, and if any fact, that should influence our determination, has escaped our attention, that must be our excuse. Without reciting this mass of pleading, we think that we may confidently say, that both plaintiff and defendant attempt to derive their right to the possession of the premises, and consequently to the rents and profits, from the witness. That the following facts are put in issue, among others: that the deed by which plaintiff claims was never delivered; that $200 was to be paid by plaintiff to one Frederick for the benefit of witness, before the deed was to be delivered; that plaintiff wrongfully obtained possession of the deed, without paying this sum; that one of the defendants was surety for the payment of this sum; and that, in consideration of his having to pay it, witness transferred to him a title bond he held for the lot, and all his interest in the lot.

Now, if it were not true that the deed was wrongfully obtained, or if it *had* been delivered, and *plaintiff* had not contracted to pay this two hundred dollars, it would appear quite clear that the consideration for paying the debt to Frederick by Campbell, had failed, and that witness would be liable to refund the money so paid by Campbell, as his surety; and, on the other hand, if the deed had *not* been delivered, and plaintiff *was liable* to pay this two hundred dollars to Frederick, before he was entitled to a deed, then witness had a subsisting interest in the lot, which, if Campbell acquired, would secure him against the payment of this debt, and the consideration for paying Frederick had not failed. We, therefore, conclude that the witness was so interested, that he was incompetent to testify, unreleased by Campbell. 　　　　　　　　　　　　　　　Judgment reversed.