## AYRES *v.* CAMPBELL.

By pleading over, and going to trial, a party waives his demurrer. If he wishes to save the matter of the demurrer, he should stand upon it.

This practice does not preclude a party from filing an answer or replication with his demurrer; but if he designs to adhere to the latter, he should either withdraw his other pleadings, or cause the record to show that he abides by the demurrer.

The competency of a witness, is restored by a release.

*Appeal from the Guthrie District Court.*

THIS cause was before this court, at the June term, 1855, and is reported in 1 Iowa, 212. It is also a part of the transaction from which arose that of *Campbell* v. *Ayres,* 1 Iowa, 257. The facts are fully stated in the former case, in 1 Iowa, 212, except so far as may be noticed hereafter in the opinion.

*Jewett & Hull,* for the appellant.

*Bates & Finch,* for the appellee.

WOODWARD, J.[1]—As this cause is now presented to the court, the plaintiff and appellant assigns for error, that the court overruled the plaintiff's demurrer to a part of the defendant's answer. We shall not enter, in detail, into these causes of demurrer, but will only remark that the matters are probably not well pleaded in manner, but would seem to be good, if sustained, in substance. They are thus passed, because the plaintiff has pleaded over and has gone to trial. If he wished to save the matter of the demurrer, he should have stood upon it. This practice does not preclude a party from filing an answer or replication, with his demurrer, but if he

[1] WRIGHT, C. J., having been of counsel, took no part in the decision of this cause.

designs to adhere to his demurrer, he must either withdraw his other pleadings, or cause the record to show that he abides by the demurrer.

The other error assigned, is upon the admission of the same Crews to testify. There is no bill of exceptions, but there is a certificate of the clerk and an affidavit of the plaintiff's attorney, that one was taken, and signed and filed, and that it is lost or destroyed. An affidavit of the defendant's attorney, impliedly admits that there was such a bill, but avers that the said bill stated that before said Crews testified, he produced to the court a written release from said James Campbell, by which said Campbell released him from all and every liability, indebtedness, or cause of action, relat-- ing to the sale and transfer of said lot mentioned in the petition and answer, and every matter relating thereto. Taking these affidavits as sufficient to show the existence once, and the loss of a bill of exceptions, the cause is brought to the point of the adjudication in 1 Iowa, 212, and such release appears to us to restore the competency of Crews. Therefore, the judgment of the District Court is affirmed.