WILLETT POTTINGER, PLAINTIFF IN ERROR, v. MARY A. GARRISON, DEFENDANT IN ERROR.

Practice: JUDGMENT ON DEMURRER. To obtain the review of a decision sustaining or overruling a demurrer, the party must suffer a judgment in chief to be rendered on the demurrer; if he answers over and goes to trial upon the merits, he waives the demurrer, and cannot assign the judgment upon the demurrer as error.

This was a petition in error to reverse a judgment of the district court for Cass county.

To the petition of the defendant in error, who was plaintiff in the court below, the defendant filed a demurrer which was overruled by the court. The defendant then filed his answer, and a trial being had judgment was rendered against him for the sum of $174.42 damages, and $146.47 costs.

The cause was then brought to this court by petition in error.

*J. C. Cowin,* for plaintiff in error.

The demurrer interposed to the petition in the court below ought to have been sustained, as said petition shows the statute of limitations had run; and the cause is not taken out of the statute by reason of any fraud on the part of the plaintiff in error, no fraud being

alleged; nor is it taken out of the statute by the allegation that the defendant in error did not know that money was collected, it being nowhere shown or alleged in the petition that the relation of attorney and client, agent and principal, or any fiduciary relation existed between the parties to this action.

*J. H. Brown*, for defendant in error.

GANTT, J.

THE only question presented for the consideration of this court in the argument of this case is, whether the district court erred in overruling the demurrer to the plaintiff's petition; and therefore, it is to this question, alone, we direct our attention in this opinion.

The petition substantially shows that E. B. Garrison had obtained two several judgments against G. Mayfield; that he sold and transferred said judgments to the defendant in error, Mary A. Garrison, and she claimed them as her property; that the plaintiff in error, Willett Pottinger, was employed and acted as the attorney of E. B. Garrison in said two cases; that the said Pottinger was fully advised of her ownership in the judgments, and was instructed by the said E. B. Garrison to pay her the money he might collect on said judgments, and was likewise so instructed by the defendant in error; that Pottinger collected on said judgments in the aggregate the sum of $109.52, the collection of which amount by him she had no knowledge until the month of June, 1871.

To this petition Pottinger demurred; the demurrer was overruled, and leave given to answer. Pottinger then filed his answer to the petition, in the first count of which he denies Mrs. Garrison's ownership of the judgments, and her right to receive the money collected on the same; in the second count he pleads a set-off to part of the

demand, as against E. B. Garrison, and avers that said E. B. G. instructed him to retain the balance until he called for it, or sent his written order for the same; and in the third count he pleads the statute of limitations.

The reply denies the new matter set up in the answer, and alleges that Pottinger fraudulently concealed from her the collections of the money made by him on the judgments until June, 1871.

It is clear that the subject matter stated in the petition is within the jurisdiction of the court; and it is equally clear that the matter set up in the answer goes fully to the merits of the case. And whether the petition clearly shows that Pottinger was employed as an attorney in the two cases, and acted in a fiduciary capacity in making the collections of the money on the judgments, or whether the petition in this respect is obnoxious to a demurrer, it is not necessary now to consider, for the plaintiff in error in answering over and going to trial on the merits, waived his demurrer to the petition. But we think there is enough stated in the petition to show that Pottinger acted as the attorney of the owner of the judgments. The rule of law seems to be well settled, that in order to obtain a review of the decision of the district court, in sustaining or overruling a demurrer, in an appellate court, the party must suffer a judgment in chief to be rendered on the demurrer; and that if he answers over and goes to trial upon the merits, he waives this demurrer to the pleading demurred to, and error cannot be assigned upon the judgment of the district court sustaining or overruling the demurrer. *Ayres v. Campbell*, 3 *Iowa*, 582. *Abbot v. Stribler*, 6 *Iowa*, 191. *Evans v. Gee*, 11 *Peters*, 80. *Bell v. Railroad*, 4 *Wall.*, 599.

We are of the opinion that the pleadings contain substance sufficient to sustain a judgment upon a verdict; and as the plaintiff in error answered over to the merits,

and did not stand on his demurrer we need not consider what would be the result, if he had not done so.

For the reasons above stated, the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.

CHIEF JUSTICE LAKE concurs.