Farrar & Wheeler v. Triplett.

FARRAR & WHEELER, PLAINTIFFS IN ERROR, v. INMAN H. TRIPLETT, DEFENDANT IN ERROR.

1. **Pleading in Chancery and Under the Code.** Under the former chancery practice whenever any ground of defense was apparent from the bill itself, either from the matter contained in it, or from defects in its frame, or the case made by it, the proper mode of taking advantage of it was by demurrer. But under the code, if a pleading is correct in *substance* but not in *form*, the remedy is by a motion to have it made more definite and certain.

2. **Practice:** DEMURRER TO ANSWER. If a good defense is defectively stated in an answer, and a demurrer thereto on that ground is overruled, the party demurring, in order to avail himself of his exception taken to the ruling of the court thereon, must rest on his demurrer. If he reply he thereby waives his exception. But this rule has no application where the facts stated in the answer of themselves constitute no defense. *Pottinger v. Garrison*, 3 Neb. 223, distinguished.

ERROR to the district court for Saline county. Tried before WEAVER, J. The facts appear in the opinion.

*M. B. C. True*, for plaintiffs in error.

The court should have sustained the demurrer to the fifth defense. The words of the answer show plainly that the indebtedness incurred by the alleged agent was the *individual indebtedness* of the agent. There is nothing in the answer to show that the agent had any authority from plaintiffs to incur the indebtedness for them, and there is no allegation that the indebtedness was incurred for or on behalf of the plaintiffs. Besides, the promise of the agent, if authorized by usage even, could avail nothing, as it was a verbal contract, contradictory of the written contract in the note. *Seiple v. Irwin*, 30 Penn. State, 513. There is no defense in the answer.

*Hastings & McGintie*, for defendant in error.

1. The error complained of by plaintiff in the over-ruling of the demurrer of plaintiff in error to the fifth defense in defendant's answer cannot now be considered by this court, as the record discloses that the plaintiff in error filed a reply to that count in the defendant's answer and thereby waived the error if error there was. *Campbell v. Cowden*, Wright's R., 484. *Mitchell v. McCabe*, 10 Ohio, 405. *Pottinger v. Garrison*, 3 Neb., 221, and numerous cases there cited. *Mills v. Miller*, 2 Neb., 308, and cases there cited. This proposition is too self-evident to be pursued further.

2. Representations by the vendor of the quality of the thing sold or of its fitness for a particular purpose, intended as a part of the contract of sale and relied upon by the vendee, constitute a contract of warranty. *Richardson v. Grandy*, Supreme Court of Vermont, American Law Register (Nov., 1877), 687. Story on Sales, 299, Sec. 357, and cases there cited.

3. A principal is always bound by all the acts of the agent done within the general scope of his authority, even though the agent violate his private instructions. Story on Sales 294, Sec. 350 and cases there cited.

MAXWELL, J.

The plaintiffs brought an action against the defendant in the district court of Saline county, upon a promissory note dated March 15, 1873, calling for the sum of $90, in eighteen months from the date thereof.

The defendant answered the petition of the plaintiffs, alleging *first*, that the note in question was given for a sewing machine which was warranted to be a first-class machine in all respects, but which proved to be utterly worthless and of no value whatever; *second*, the defend-

ant claimed a set-off in the sum of $90 upon a claim due to C. S. Triplett from the plaintiffs, for a sewing machine fraudulently obtained by them, which claim had been assigned to the defendant; *third*, the defendant set up a counter claim for the sum of $15 for extras for the machine, which the defendant had purchased from the plaintiffs, but which had not been delivered; *fourth*, the defendant claimed there was due him from the plaintiffs the sum of $25 for services rendered in selling sewing machines; *fifth*, the " defendant alleges that at the time he bought said machine of said plaintiffs as aforesaid, one Lyman S. Allen was the agent of said plaintiffs, duly authorized to transact the business of said plaintiffs, and while the said Lyman S. Allen was acting as such agent, he became indebted to said defendant in the sum of $30, for board and lodging, food and necessaries furnished to said Lyman S. Allen by said defendant, and that said Lyman S. Allen then and there agreed to and with this defendant to endorse said amount on said note mentioned in said plaintiffs' petition, but has wholly failed so to do."

The plaintiffs demurred to the fifth count of the answer, assigning as grounds therefor, that the facts stated therein constituted no defense to the action. The demurrer was overruled, to which the plaintiffs excepted. The plaintiffs thereupon filed a reply to the several counts, denying the facts therein stated.

On the trial of the cause the jury returned a verdict in favor of the defendant for the sum of $15, upon which judgment was rendered. The plaintiffs bring the cause into this court by petition in error.

The defendant insists, that even if the fifth count of the answer fails to state a cause of defense, yet, as the plaintiffs have filed a reply to the same, denying the facts therein contained, the error, if any, in overruling the demurrer, is thereby waived.

By the former chancery practice, whenever any ground of defense was apparent from the bill itself, either from the matter contained in it, or from defects in its frame, or in the case made by it, the proper mode of taking advantage of it was by demurrer.   1 Mtfd. Eq. Pl., 107. 1 Barb. Ch. Pr., 105.   1 VanSantvoord's Eq., 183.   But under the code, if a pleading is correct in *substance*, but not in *form*, the remedy is by motion to have it made more definite and certain.

If a good defense is defectively stated in an answer, and a demurrer thereto on that ground is overruled, the party demurring, in order to avail himself of his exception upon the ruling of the court thereon, must rest on his demurrer.   If he reply he thereby waives his exception.   But this rule has no application where the facts stated in the answer of themselves constitute neither a defense or counterclaim.   And this rule is not in conflict with that laid down in *Pottinger v. Garrison*, 3 Neb. 223, in which the court say:   "We are of the opinion that the pleadings contain substance sufficient to sustain a judgment upon a verdict."

In the case at bar, the defense set up in the fifth count of the answer entirely fails to show a liability on the part of the plaintiffs.   The contract set up is that of the agent alone, and so far as appears, was made in his name and the credit given to him.   The promise made by him to endorse the amount due upon the note in question therefore does not affect the plaintiffs.   The demurrer should have been sustained.

The fourth defense is equally untenable.   The defendant in his direct examination testified that:   "Lyman Allen employed me to go with him to help sell machines. He said if I would go with him and help sell machines he would bear all expenses if we sold to the amount of $25, and would give me $2 for each machine we sold."

Q.   "How much did you sell?"

A. "We sold twelve machines."

On cross examination he testified as follows:

Q. "What did he (Allen) say in connection with Farrar and Wheeler about employing you?"

A. "He didn't say anything."

It appears from the testimony, that Allen was selling machines on commission, and employed the defendant to aid him. There is not a particle of testimony tending to show that the defendant was employed by any authority from the plaintiffs, or that he supposed that he was selling machines for them.

As to the third defense, there is no proof whatever of the *value* of the extras purchased by the defendant. It appears that Allen represented them to be of the value of $10.

The second defense is not sustained by the testimony. C. S. Triplett testified: "It was in the spring of 1873, William Wren came to my place; he was selling machines for the company. He was acting for them as special agent, he said, under this Lyman Allen—selling machines for him, and came to talk something about trading horses, and so we talked about trading, and finally made a trade. I traded him a stallion which we valued at $250—he was a very fine horse—and I took a horse—I think it was $57, and he was to give me the difference, and he gave me one of these machines for the difference and counted it $90." * * * * "He stopped me one evening and asked me if I would not loan him this machine, so he might sell it again, so he could send on that many more notes, as he was expecting to sell this machine by selling others, and said it would be an advantage to him to send on that, and as quick as he could get around to it he would fetch me another one—when he would be over in selling." * * * * "Well, I kind of hesitated, and thought once I would not let him have it. I spoke to my wife about it, and finally

18

he spoke so fair about it—and I finally let him have the machine if he would fetch me another one right away. At that time I was with him selling machines," etc. He further testified that the machine in question was sold to one Brown, and a note taken therefor in the name of Farrar and Wheeler. He also testified that soon thereafter he saw Allen and told him that he had bought the machine of Wren, and he said "that was all right."

It is evident from this testimony that loaning the machine to Wren was a personal affair between C. S. Triplett and Wren, and therefore, the plaintiffs are not liable for the same.

The testimony as to the character of the warranty is vague and indefinite. In no view that we can take of the testimony can the judgment of the court below be sustained. The judgment is therefore reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.