BUCK & GREENWOOD v. LEWIS B. REED.

[FILED JUNE 27, 1889.]

1. **Practice:** DEMURRER. To obtain the review of a decision sustaining or overruling a demurrer, the party must suffer a judgment in chief to be rendered on the demurrer; if he answers over and goes to trial upon the merits, he waives the demurrer and cannot assign the judgment upon the demurrer as error. (*Pottinger v. Garrison*, 3 Neb., 221, and cases cited in the opinion.)

2. **The evidence** examined, and *held*, to sustain the verdict.

ERROR to the district court for Franklin county. Tried below before GASLIN, J.

*H. Whitmore,* and *E. W. Metcalfe,* for plaintiff in error, cited: *Davidson v. Waldron,* 31 Ill., 120; *Eisendrath v. Knauer,* 64 Id., 396; *Bertholf v. Quinlan,* 68 Id., 297.

*E. A. Fletcher,* for defendant in error.

Совв, J.

This cause comes to this court on error from the judgment of the district court of Franklin county.

The plaintiff below alleged that the defendants on February 1, 1883, were copartners doing business as a firm in said county, not incorporated; that at about said date, in consideration of five dollars per car load of baled broom corn, the defendants undertook to act as agents for the shipment and sale of said property and to account to plaintiff on demand for the net proceeds thereof; that the plaintiff delivered to defendants 14,000 pounds of such broom corn of the value of $238 to be shipped in the plaintiff's name, which the defendants failed to do, but shipped the same in their own name, and prevented the same from being sold in the earliest and best market, until the same had become of less value, which facts were concealed from the plaintiff; that after shipment the defendants drew against the consignment and paid plaintiff $185 thereon and no more; that by reason of the fraudulent conversion of said property and concealment of the facts, plaintiff claims damages in the sum of $103; that defendants have not settled for the net proceeds of the sale of said property though requested so to do; with prayer for judgment.

The defendants interposed a general demurrer "that the petition does not state facts sufficient to constitute a cause of action," which was overruled.

The defendants answered that they received the 14,000 pounds of baled broom corn, mentioned, to ship to Chicago, Illinois, to sell according to their best judgment through

commission merchants in that city; that they were to account to the plaintiff for the net proceeds of sale, less five dollars per car load for their services to be performed; that they received and paid to plaintiff $150 in cash and $12.25 in credit on account of the shipment and sale of said broom corn, which was kept stored for several weeks and until defendants, by due inquiry, deemed it for the best interest of the plaintiff that it should be sold, which was done for the highest price obtainable; that after deducting from the gross price the railroad freightage, cartage, storage, and other usual and necessary expenses of shipping and selling such broom corn, $162.25 were found to be the net proceeds of the sale.

The defendants allege that the plaintiff is indebted to them in the sum of $41.69 for goods sold and delivered, and that said account has no connection with the broom corn transaction, for which defendants ask judgment with interest at seven per cent from January 1, 1887.

The replication of the plaintiff was a denial of every allegation of new matter set up by defendants.

There was a trial to a jury, with finding for the plaintiff and verdict for $15.25 damages.

The defendants' motion for a new trial was overruled and judgment entered on the verdict.

The plaintiffs in error assign the following errors on the trial in the court below:

1. The court erred in overruling the demurrer to the petition.

2. In overruling defendants' objection to any evidence for the plaintiff.

3. In overruling the motion for a new trial.

4. In entering judgment on the verdict: 1, the allegations of the petition are insufficient; 2, the evidence does not support the verdict; 3, the verdict is contrary to law.

5. In charging the jury orally without the defendants'

consent, and without having the charge afterwards reduced
to writing.

The first point of the petition in error is doubly waived
and cannot be considered in this court. It will be observed
that upon the overruling of the demurrer to the petition
the defendants answered over to the merits. The alleged
error in overruling the demurrer to the petition was waived
by defendants answering over and going to trial upon the
merits. So held by the supreme court of Nebraska terri-
tory in the case of *Mills v. Paynter*, 1 Neb., 440, and
again by the supreme court of the state in *Mills v. Miller*,
2 Id., 299. But in neither of these cases did the point
find a place in the syllabus. In the case of *Pottinger v.
Garrison*, 3 Id., 221, it was the only point presented by
the prevailing party and monopolizes the syllabus. The
latter case was followed by those of *Farrar & Wheeler v.
Triplett*, 7 Id., 237; *Harral v. Gray*, 10 Id., 186 and
*Dorrington v. Minnick*, 15 Id., 397.

In the case of *Tingley v. Dolby*, 13 Id., 375 in an argu-
mentative illustration, the law is stated contrary to that
laid down in the foregoing cases, and found a place in the
report, doubtless, through inadvertence.

But had the point not been waived by pleading over, it
would have been, by the failure of the parties who now
seek to avail themselves of it, to call the attention of the
trial court to it in their motion for a new trial.

As to the second point, I think that under our liberal
system of pleading there is a cause of action set out in
the plaintiff's petition. Plaintiffs in error in the brief
take the position that the petition does not state a cause of
action because —

" 1. It does not allege any general or special ownership
of the broom corn to be in the plaintiff.

" 2. The facts alleged do not constitute a conversion by
the defendants.

" 3. The petition does not allege that Reed has sustained

any damage; it simply alleges that he 'claims' damage,"
etc.

Where the action is in the nature of trover and conversion, which is upon the theory that the plaintiff, being the owner and in the possession of the goods in question, casually lost them, and the defendant found them and converted them to his own use, there must be both an allegation of pleading and evidence of either a general or special ownership in the plaintiff, but where the case is founded upon the receipt of the goods from the plaintiff by the defendant as agent, factor, commission merchant, or otherwise, then the element of trover is wanting, and the allegation and proof of the receipt of the goods from the plaintiff by the defendant, in the character or for the purpose alleged, takes the place of an allegation and proof of ownership, and the right of the plaintiff to recover in such case will depend upon proof that the defendant, after receiving the goods in such special character and capacity, refused or failed to account for them or their proceeds, or in any unjustifiable manner deprived the plaintiff thereof.

By placing a liberal construction upon the language and allegations of the petition, it amounts to about this: that defendants were his agents to ship the broom corn, and received it as such, although the plaintiff performed the manual labor of placing it in the car; that it was their duty to ship it, in the name of the plaintiff, to a commission merchant of Chicago for immediate sale, but that defendants made the shipment in their own name, not for immediate sale but to be stored, and concealed the same from the plaintiff for the period of fourteen months. Had these facts been proved, the plaintiff would have been entitled to a verdict for the value of the broom corn at the time and place of the shipment, with interest; and there was evidence on the part of the plaintiff, upon the trial, which tended to prove the above facts, with evidence which was received without objection, that the broom corn was

then worth on the ground—meaning, I suppose, at the place of shipment—fifty dollars per ton; and by another witness, whose testimony was received over defendants' objection, from two and one-half to three cents per pound. It is in evidence that there were 14,000 pounds of the broom corn. This, at fifty dollars per ton, would come to $350. The book account of defendants against plaintiff, according to the testimony of Mr. Buck, was $41.69. This sum deducted from $350 leaves $308.31. From this last sum deduct $138, paid to Mr. Black to satisfy a mortgage on the broom corn, which leaves $170.31. The evidence would sustain a verdict for this last named sum if objected to only by the plaintiffs in error.

Mr. Buck, when on the stand as a witness in behalf of himself and co-defendant, testified that the car load of broom corn was to have been shipped in Mr. Reed's name, and that it was his instruction that it should be sold in Reed's name, "but in order to draw on them it was billed in the name of Buck & Greenwood;" that they got the money and paid Reed $138, and the balance he paid to Barry; that he was to ship it and be responsible to Black, and that he got a receipt from him for $138; that he was to ship it, but not to sell for less than $3 per hundred or $60 per ton; that he shipped two car loads at that time and drew $300 on the two, $150 a piece; that those two car loads were sold; Reed's sold for two and one-half cents per pound, amounting to $318.24; freight, commission, and expenses amounted to $106.03, with the $150 he had drawn, making $256.03; *then they kept back $50 for freight on another car;* the proceeds of the two cars were $472.25; $300 was advanced by them, *and $50 retained by them;* that they then sent him $72, and the part of that coming to Reed was $12.25.

This is Mr. Buck's testimony as contained in the bill of exceptions. From this it appears that $50 of Reed's money was retained by somebody to cover advances made on

another shipment, in which Reed had no interest.    If this was possible at all it was rendered so by reason of the goods of plaintiff being shipped in the name of defendants instead of in his own name, which Mr. Buck, according to his own statement, was to have done.    The jury doubtless believed, as they had a right to, that the defendants were liable to the plaintiff for this $50, even if they adopted the defendant's theory of the case.    So that even in that case the verdict was not far wrong.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.