EMMA L. VAN ETTEN ET AL. V. HENRY A. KOSTERS.

FILED APRIL 21, 1896. No. 6489.

1. **Judgment on Pleadings.** It is error to render a judgment for the plaintiff upon the pleadings, without evidence, for a larger sum than is by the answer admitted to be due him.

2. ———: ANSWER. When a cause is decided by the court on the petition and answer, without evidence, such matters of defense in the answer as are well pleaded, in the absence of a reply, are to be considered as established.

3. **Action on Supersedeas Bond: SET-OFF.** In an action upon a supersedeas bond against the principal and sureties thereon, a legal claim due from the plaintiff to such principal may be pleaded as a set-off.

4. ———: FORM OF JUDGMENT. In such an action a judgment for the

plaintiff should, under section 511 of the Code of Civil Procedure, state which defendant is the principal debtor ·and which are sureties.

5. ———: ———. *Flannagan v. Cleveland*, 44 Neb., 58, distinguished.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

*David Van Etten*, for plaintiffs in error.

*F. A. Brogan, contra.*

NORVAL, J.

The court below rendered a judgment on the 24th day of September, 1892, against the defendants below, upon the pleadings, without any proofs or evidence, for the sum of $359.40. The only question for determination is whether the plaintiff was entitled upon the pleadings to judgment for the amount rendered. The action is upon a supersedeas bond executed by Emma L. Van Etten, as principal, and the other defendants, as sureties, to stay the execution of a judgment obtained in the district court of Douglas county by Henry A. Kosters against said Van Etten during the pendency of proceedings in error instituted by her in this court for the purpose of reviewing said judgment. • The petition alleges the recovery of a judgment by Kosters against Van Etten, on February 11, 1889, in the sum of $286.30 and costs; the execution and delivery of the supersedeas bond attached to and made a part of the pleading; the prosecution of a petition in error by said Van Etten to this court; the affirmance of the judgment, and subsequently the modification thereof by requiring the plaintiff, as a condition of affirmance, that he file a remittitur for the sum of $28 as of the date of the original judgment, which he accordingly did; the issuing and filing of the mandate of this court directing the district court to proceed with the enforcement of the original judgment to the extent of $258.30, with interest thereon from February 11, 1889, and the costs in the dis-

trict court, amounting to $35.73; the issuing of an execution upon said judgment, and the return thereof by the sheriff unsatisfied, and that said judgment is wholly unpaid.

It will be observed that the recovery in the case at bar is for the precise amount claimed in the petition, including the item of $35.73 for costs, and we take it that the judgment was thus rendered on the theory that the answer of the defendants presented no defense to plaintiff's cause of action. In this we think the court below erred. The defendants in their answer deny the amount of costs which the petition alleges was recovered against Mrs. Van Etten by the judgment superseded, and they also expressly aver that such costs did not exceed the sum of $20.93. There was no reply filed, and this averment as to costs in the answer must be taken as true. Upon this defense alone the judgment was excessive in the sum of $14.80. The answer pleaded as a set-off the amount of costs Mrs. Van Etten recovered against the plaintiff in this court on the proceedings to review the original judgment. The answer alleges that such costs were taxed and specified in the mandate issued to the district court at the sum of $24, when in fact Mrs. Van Etten was entitled to recover a much larger sum as taxable costs, to-wit, $59.05. The items of cost making this sum are set out in the answer, and it is averred that plaintiff is liable to Mrs. Van Etten therefor, excepting the sum of $6, which belongs to the clerk of this court as his costs in the case. The unpaid costs which Mrs. Van Etten recovered against the plaintiff, she is entitled to set off in this action. (*Raymond v. Green*, 12 Neb., 215.) There are some other averments in the answer, which need not be referred to, as they were insufficient to constitute a defense.

It is finally insisted that this judgment should be reversed, because it was rendered against all the defendants as principals, instead of against Mrs. Van Etten as principal and the others as sureties, in accordance with section 511 of the Code of Civil Procedure, which pro-

vides: "In all cases where judgment is rendered in any court of record within the state, upon any other instrument of writing, in which two or more persons are jointly and severally bound, and it shall be made to appear to the court, by parol or other testimony, that one or more of said persons so bound signed the same as surety or bail for his or their co-defendant, it shall be the duty of the clerk of said court, in recording the judgment thereon, to certify which of the defendants is principal debtor, and which are sureties or bail. And the clerk of the court aforesaid shall issue execution on such judgment, commanding the sheriff or other officer to cause the money to be made of the goods and chattels, lands and tenements, of the principal debtor, but for want of sufficient property of the principal debtor to make the same, that he cause the same to be made of the goods and chattels, lands and tenements, of the surety or bail. In all cases the property, both personal and real, of the principal debtor, within the jurisdiction of the court, shall be exhausted before any of the property of the surety or bail shall be taken in execution." The petition alleges, and the answer admits, that Emma L. Van Etten was the principal obligor, and that the remaining defendants signed the bond as sureties merely. Under the section quoted, the judgment should have specified who was the principal debtor and who were the sureties. This was of importance to the sureties, inasmuch as they were entitled to have the property of their principal within the jurisdiction of the court exhausted for the satisfaction of the joint judgment before theirs was seized. The case of *Flannagan v. Cleveland*, 44 Neb., 58, is distinguishable. That was an action on an appeal undertaking given in a justice court, and it was ruled that said section 511 was not applicable to a judgment rendered against the signers of such an undertaking, since, by the provision of section 1014 of the Code of Civil Procedure, the liability of such signers, as between themselves and the judgment creditor, is that of principal debtors. It is not necessary

for the party appealing from a judgment rendered by a justice of the peace to sign the appeal undertaking, while the plaintiff in error is by section 588 of the Code required to execute the supersedeas bond, with one or more sufficient sureties, in order to stay the execution of the judgment sought to be reviewed. On such a bond the plaintiff in error is the principal debtor and the other signers are his sureties. The decision cited above was based upon said section 1014, the provisions of which apply alone to sureties on appeal undertakings and cannot be extended to a case like this.

For the errors indicated the judgment must be reversed and the cause remanded, with directions to the district court to render judgment for plaintiff below in accordance with this opinion.

REVERSED.