ALEXANDER LEDERER ET AL., APPELLEES, V. UNION SAVINGS BANK OF LINCOLN, APPELLANT.

FILED JUNE 15, 1897. No. 7338.

1. **Ruling on Demurrer:** WAIVER OF ERROR. A defendant by answering over waives error in overruling his demurrer to a petition for defect of parties.

2. **Pleading:** LAW AND EQUITY. The Code recognizing no distinction of form between actions at law and suits in equity, the objection that a petition praying equitable relief states a case for a legal remedy, cannot be raised by general demurrer.

3. ———: ———: TRUSTS. A petition which states facts showing that plaintiff is the equitable owner of a judgment in favor of another, and asking that a trust be declared, states a case for equitable relief.

4. **Negotiable Instruments:** INDORSEMENT: PRINCIPAL AND AGENT: RES JUDICATA: TRUSTS. The plaintiffs held two notes made by W., who died. On learning of his death they sent to M. one of the notes indorsed to M. "for collection and account" of plaintiffs. They sent a copy of the other note without indorsement. M.'s instructions were to present the notes for allowance as claims against W.'s estate. M., however, presented a claim in his own name, including these two notes, with several other items. The claim had attached thereto a copy of the note bearing the restrictive indorsement. It did not describe the other note in terms. M. then represented to a bank that he had paid a number of claims against W.'s estate which he did not wish longer to carry, and asked the bank to carry them. The bank investigated far enough to learn that M. had presented a claim to the amount he stated, but did not examine the claim itself. It then took a note for the amount of the claims made by the administratrix to M. and indorsed by M. to the bank, and advanced M. the money, none of

which was paid to the plaintiffs. Thereafter M.'s claim was allowed and M. assigned the judgment therefor to the bank. In an action by the plaintiffs to declare a trust in their favor to that portion of the judgment representing their notes, *held* (1) that the bank was charged with notice of the want of ownership in M.; (2) that M.'s acts and representations in dealing with the bank were not within the scope of his real or apparent authority as agent of plaintiffs; (3) that the allowance of the claim to M. was not an adjudication binding on plaintiffs that M. owned the claims; (4) that plaintiffs were entitled to have a trust declared in their favor as against the bank.

APPEAL from the district court of Lancaster county. Heard below before HALL, J. *Affirmed.*

*Brown & Leese,* for appellant.

*Pound & Burr,* contra.

IRVINE, C.

This was an action brought by Lederer & Strauss, a copartnership doing business in Des Moines, Iowa, and the State Savings Bank of Des Moines, against the Union Savings Bank of Lincoln, Nebraska, the object being to declare a trust on behalf of the plaintiffs as against the defendant for a portion of a judgment in favor of one Louie Meyer, and by Meyer assigned to the defendant. There was a decree for the plaintiffs, and the defendant appeals. The defendant demurred to the petition on the grounds, first, that there was a defect of parties defendant, and second, that the petition did not state facts sufficient to constitute a cause of action. The first ground of demurrer was based on the fact that Louie Meyer was not made a party defendant. It is provided by the Code that the defendant may demur to the petition when it appears on its face "that there is a defect of parties plaintiff or defendant." (Code of Civil Procedure, sec. 94.) Also, that "When any of the defects enumerated in section 94 do not appear upon the face of the petition, the objection may be taken by answer; and if no objection be taken either by demurrer or answer, the defendant shall

be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action." (Sec. 96.) It has frequently been held that in order to preserve the right to have a ruling on demurrer reviewed, the party seeking the review must stand on his pleading or demurrer, and if he pleads over by amendment, answer, or reply, the error, if any, is waived. (*Mills v. Miller*, 2 Neb., 299; *Pottinger v. Garrison*, 3 Neb., 221; *Harral v. Gray*, 10 Neb., 186; *Dorrington v. Minnick*, 15 Neb., 397; *Buck v. Reed*, 27 Neb., 67.) While the objection that the petition does not state a cause of action may be interposed at any time, and the judgment of the district court thereon reviewed, this is because section 96 of the Code provides that that defect is not waived by failure to demur. The ruling in such case which is subject to review is that on the objection subsequently interposed, and not merely the ruling on the demurrer. The defect complained of was that Louie Meyer was not a party to the action. If he were a necessary party this fact was disclosed by the petition itself, and the defect was waived by answering over. The ground of the general demurrer was that it did not appear from the face of the petition that plaintiffs had not an adequate remedy in an action at law. Under the Code this objection goes at most to the form of the prayer of the petition. The plain object of the suit was to declare a trust, a subject of equitable cognizance. But aside from this, if the petition stated a cause of action a demurrer would not lie merely because the prayer sought equitable relief instead of a judgment at law. That question would arise on the application for a jury trial, and no such application was made.

The remaining questions go to the merits of the case. One John H. Witte executed two notes,—one for $200, payable to the order of Lederer & Strauss; the other for $400, payable to the order of Louie Meyer. The latter note was sold by Louie Meyer to the plaintiff, the State

Savings Bank of Des Moines. Witte died. The plaintiffs being informed of the fact, Lederer & Strauss sent a copy of the note they held to Louie Meyer with instructions to present a claim against the estate therefor. The State Savings Bank indorsed its note "Pay L. Meyer, or order, for collection, account of State Savings Bank, Des Moines, Iowa," and sent the original note, so indorsed, to Meyer. Meyer, instead of presenting the claims on behalf of the owners of the paper, presented a claim in his own name embracing several other notes, and items of another character. The account presented did not describe the notes except by amount and date; but attached to the claim were copies of several notes, including the $400 note, and disclosing its indorsement to the State Savings Bank, and the restrictive indorsement to Meyer for collection. Thereafter Meyer represented to Mr. Imhoff, the cashier of the defendant bank, that claims existed against the estate of Witte, that he had paid them, that he had presented them for allowance, and asked the bank to advance money to reimburse him. The bank thereupon took a note made by the administratrix of the estate, for the amount of the claims, payable to the order of Meyer, and indorsed by Meyer to the bank, and advanced to Meyer the amount of the note upon his promise to assign to the bank the judgment for the claims as soon as it should be procured. Prior to doing so Mr. Imhoff examined the records of the county court far enough to ascertain that Meyer had presented such claims. But he did not examine the claim itself, or the documents attached thereto. He was presented, however, with a statement of the items of claims, accompanied by a certificate by the administratrix that they were just and correct. Judgment was thereafter rendered by the county court allowing Meyer's claims, including the two notes in controversy, and some months thereafter Meyer assigned this judgment to the bank.

On the facts presented we think the findings and decree of the district court in favor of plaintiffs were correct. If

Imhoff had examined the claim itself, he would have found that it set forth a copy of the $400 note, together with the indorsement disclosing that no title thereto had passed to Meyer, but that it had come into his possession under a restrictive indorsement authorizing him merely to collect the note on account of the State Savings Bank. He would not have found the note to Lederer & Strauss, or any copy thereof; but having found the $400 note included in the claim, and on its face not belonging to Meyer, he would at least be put on inquiry to ascertain what that note was, to whom payable, and by whom owned. Furthermore, the testimony shows, and the court finds, that before advancing the money Meyer stated to Imhoff that he, Meyer, did not claim as the original owner, but by some means of subrogation. An inquiry as to the $200 note, based on this information, would have disclosed that it had never been indorsed to Meyer, or any other person, and was still held by Lederer & Strauss, the payees. It is contended that the plaintiffs had constituted Meyer their agent, and that they are bound by his acts and representations. But his agency was a limited agency for the purpose of collecting the notes, or at least of presenting them for allowance as claims against the estate. He had no agency, real or apparent, to sell them, to sue them in his own name, or to assign the claim. His acts in procuring the loan, or making the attempted sale to the defendant, were wholly beyond the scope of his authority, and either on his own account or on that of the administratrix. They were not performed as agent for the plaintiffs, and he did not, in his transactions with Mr. Imhoff, pretend to represent the plaintiffs, so that in no event can an estoppel arise on that ground.

It is also contended that the allowance of the claim by the county court constituted an adjudication in favor of Meyer's ownership. This may be true as between Meyer and the administratrix, the parties to the proceeding, but the plaintiffs were not parties. If Meyer had not assigned the judgment there can be no doubt that the

plaintiffs could hold him as trustee to the extent of their claim; and holding as we do, that the defendant was charged with notice of Meyer's relations to the plaintiffs and of his want of ownership, it becomes unnecessary to consider whether, under other circumstances, the assignee might obtain a better right than Meyer himself possessed.

AFFIRMED.