CITIZENS STATE BANK V. J. A. PENCE ET AL.

FILED JANUARY 24, 1900.   No. 9,133.

1. Appeal to District Court: PLEADINGS. On appeal to the district court a plaintiff is not required to state his cause of action in the same language in which it was pleaded in the court from which the appeal was taken. It is sufficient that the identity of the cause of action is preserved.

2. Pleading: ANSWER: DEMURRER. The filing of an answer after a special demurrer to the petition is overruled is a waiver of an exception to the decision of the court on the demurrer.

3. Principal and Agent: RATIFICATION. A principal must adopt the unauthorized contract of his agent as a whole, or not at all. He can not adopt the portion that is beneficial and reject the remainder.

4. Ultra Vires: PLEADING. The defense of *ultra vires* is not available under a general denial.

ERROR from the district court of Greeley county. Tried below before KENDALL, J. *Affirmed.*

*J. R. Hanna,* for plaintiff in error.

*Ganoe & Howard, contra.*

NORVAL, C. J.

Mat S. Good was charged by the Citizens State Bank of Greeley Center with having disposed of certain chattels which he had mortgaged to the bank, and then absconded from the state. Subsequently Good was located in Faulkner county, in the state of Arkansas, and the bank procured to be issued by the executive of this state requisition papers for the arrest and return to Nebraska of the said Good to answer the crime of disposing of mortgaged chattels, and procured one James P. Paxton, a resident of Greeley county, to be appointed, and named in the requisition papers as the special agent of the state to bring Good back from Arkansas. Pursuant to such appointment, Paxton went to Conway, Faulkner county, in April, 1891, and, in the attempt to arrest Good by the deputy sheriff of that county, Good shot and killed Paxton. The sheriff of Faulkner county telegraphed the facts to the bank; and inquired what should be done with the remains of Paxton; and received in answer thereto a telegram stating: "Forward the remains here immediately. Write full details. Is Good arrested?" Thereupon the sheriff of Faulkner county went to J. A. Pence and J. D. Slade, undertakers at Conway, and delivered them said telegram from the bank, and procured them to take charge of the remains and prepare the same for shipment to said bank. The express company refused

to receive the remains of Paxton unless placed in a metallic casket, so such a casket was furnished by the undertakers, and the body, after being properly prepared, was placed therein and shipped by the undertakers by express to the Citizens State Bank of Greeley Center, which paid the express charges thereon and received the remains on their arrival at that place. The bill of the undertakers, amounting to $128.60, the bank refused to pay; and this action to recover the same was instituted in the county court, where the bank recovered judgment. On appeal to the district court by the plaintiffs they obtained judgment for the full amount of their claim, with interest. The bank has brought the cause here for review.

In the district court the defendant interposed a motion to strike from the petition certain paragraphs therein, for the reason they set forth a new or separate and different cause of action from the one pleaded by the plaintiffs in the county court, which motion was sustained. Plaintiffs subsequently filed an amended petition, which was likewise assailed by a motion to strike out certain allegations contained therein, which motion was denied; and the first complaint made in this court relates to said ruling. The cause of action stated in the amended petition was identical with that declared upon in the county court, namely, on an account for a casket, one suit of clothes, a suit of underwear and for services in embalming the body of Paxton. The facts were pleaded with more particularity in the district court than in the court from which the appeal was prosecuted; nevertheless, the identity of the cause of action was fully preserved. The plaintiffs were not required to state their cause of action in the district court in the same language as it was set forth in the county court.

Another argument advanced that the sustaining of the motion to strike out a portion of the original petition was *res judicata* as to the motion directed against the amended petition, since the averments assailed in the

two pleadings were substantially the same. The contention is not well taken. Both decisions were made by the same trial judge, and he had the undoubted right to change his ruling in case he was convinced he had committed an error in disposing of the first motion.

The defendant demurred to the amended petition on the grounds following: 1. The plaintiffs have no legal capacity to sue. 2. The facts stated in said amended petition are insufficient to constitute a cause of action. The demurrer was overruled; thereupon the defendant answered by a general denial. The first ground of demurrer was waived by filing an answer to the merits. See *Cox v. Peoria Mfg. Co.*, 42 Nebr., 660. The amended petition, as a cause of action, averred the facts already detailed in this opinion. It is true it was not pleaded specifically that the directors of the bank authorized the incurring of the indebtedness; but such averment was wholly unnecessary, since it was alleged, in substance and effect, that the debt was created at the special instance and request of the bank. The telegram to the sheriff in Arkansas constituted him the agent of the bank in the matter, and was sufficient authority to him to procure the remains of Paxton to be properly prepared and shipped to Nebraska. The amended petition stated a cause of action against the bank, and the evidence adduced on the trial fully sustained the averments therein contained. It is argued that the telegram contained no suggestion as to whom the remains should be sent. The fair and only inference to be drawn from the message is that the remains were to be shipped to the bank, and it would pay the charges. The bank received the remains on their arrival in Greeley Center and paid the charges of the express company for transportation. It is immaterial that Paxton was in Arkansas as the agent of the state; and had the bank not authorized the sheriff of Arkansas to have the remains of Paxton shipped to this state, the bank would not have been legally bound for the expense incurred. But it directed the debt to be

created, and it can not escape liability on the ground that Paxton had been commissioned by the governor of Nebraska to receive the fugitive from the officers of Arkansas. Nor is it important that the legislature of this state made an appropriation for the relief of the widow and orphan children of Paxton. Such appropriation did not pay the debt of the plaintiffs which the defendant incurred.

In argument, it is said the cashier of the defendant had no power to send the telegram in question. The sheriff and plaintiff acted without notice of that fact, and the bank received the remains. It is a familiar rule that a principal must adopt the acts of his agent as a whole. He can not adopt what is beneficial and reject the remainder. This doctrine should be applied against the bank.

It is also urged that the contract was *ultra vires*. This defense was not pleaded, and was unavailable under a general denial. The judgment is right, and no reversible error appearing in the record it is

AFFIRMED.