HARLAN COUNTY V. FRANK W. HOGSETT.

FILED JUNE 20, 1900. No. 9,236.

1. **Answer:** REPLY: IMPLIED ADMISSION. All material facts pleaded in an answer, not denied by a reply, must be taken as true.

2. **Highway:** DAMAGES: TIME. Damages for lands appropriated for a highway accrue at the date of the condemnation proceedings, without regard to the time when the road is actually opened.

ERROR to the district court for Harlan county. Tried below before BEALL, J. *Reversed.*

*J. G. Thompson,* for plaintiff in error.

*John Everson, contra.*

NORVAL, C. J.

Frank W. Hogsett filed a claim against Harlan county, with the county board, in the sum of $600, for damages by reason of a location of a public highway over and across section 16, town 1, range 18 west. The claim was rejected by the county board, and Mr. Hogsett, hereafter called plaintiff, appealed to the district court, where he filed a petition, which the defendant answered, setting up new matter as a defense. No reply was filed by plaintiff. In the court below he recovered $200 damages.

The judgment is entirely erroneous under the pleadings. The answer alleged that the highway was established by the county board on November 4, 1892, at which time and until August 5, 1893, one Henry Stewart was the owner and in possession of said section 16; and that he, on November 14, 1892, filed with the county board of Harlan county a claim for damages by reason of the loca-

tion and establishment of said highway. No reply having been filed, the foregoing averment must be taken as true. *Consaul v. Sheldon*, 35 Nebr., 247; *National Lumber Co. v. Ashby*, 41 Nebr., 292; *Van Etten v. Kosters*, 48 Nebr., 152; *Scofield v. Clark*, 48 Nebr., 711. In addition, the undisputed evidence shows that Henry Stewart was the owner of the land when the road was established, and that plaintiff purchased the same a long time thereafter. The former, and not the latter, was entitled to compensation, as plaintiff obtained no assignment from Stewart of the damages sustained on account of the location of said highway. It makes no difference that the road was not actually opened until after plaintiff purchased the land. When opened, it related back to date the road was established. It is the date of the location and establishment of the highway which controls. Should the road never actually be opened, it would not prevent the recovery of damages by the landowner. In the condemnation of land for a right of way of a railroad, interest is recoverable from the date of the condemnation proceedings. *Sioux City R. Co. v. Brown*, 13 Nebr., 317; *Berggren v. Fremont, E. & M. V. R. Co.*, 23 Nebr., 620; *Atchison & N. R. Co. v. Plant*, 24 Nebr., 127. This is upon the principle that the land is regarded as appropriated as of that date. Upon the same rule damages by reason of the location of a highway accrue at the date of the condemnation proceedings. The judgment is

REVERSED.

SULLIVAN, J., concurs in the result.