JOSHUA PALMER ET AL. V. JAMES S. CAYWOOD.

FILED APRIL 2, 1902.   No. 11,573.

1. **Petition: Demurrer: Answer: Leave of Court: Waiver of Error.** Where a demurrer to a petition is overruled, and an answer, under leave given by the court, is filed, the error in overruling the demurrer, if any there be, is thereby waived.

2. **Supersedeas Undertaking: Suit: Condition Precedent: Return Nulla Bona: Code.** It is not required that an execution be issued, and returned *nulla bona*, as a condition precedent to

maintaining a suit on a supersedeas undertaking executed and delivered under the provisions of section 588 of the Code of Civil Procedure.

3. **Judgment: Property of Debtor: Condition Precedent.** Nor is it required that the judgment creditor shall, on affirmance of the judgment, exhaust the property of the judgment debtor, before bringing suit on the bond given to operate as a supersedeas pending the review of the proceedings resulting in the judgment by the appellate court.

4. **Suit on Supersedeas Bond: Judgment Debtor: Death Pending Review.** Nor, where the judgment debtor has died pending such review, can the judgment creditor be required to look to the estate of the deceased, although solvent, for satisfaction of the judgment, before maintaining a suit on the supersedeas bond.

5. **Issue: Trial: Postponement: Matter of Right.** When the issues in an action are regularly made up, the cause stands for trial; and a party thereto will not be granted, as a matter of right, a postponement solely on the ground that the issues as made by the pleadings were formed sooner than he anticipated they would be.

Error from the district court for Saline county. Tried below before Stubbs, J. *Affirmed.*

*Joshua Palmer,* for plaintiffs in error.

*J. D. Pope, contra.*

Holcomb, J.

The plaintiff below, defendant in error, instituted an action in the district court for Saline county against the defendants, plaintiffs in error, on their liability as sureties on an undertaking executed in favor of plaintiff's assignor, who had obtained a money judgment against the principal in the undertaking, which it was sought to have reviewed on error in the supreme court, the undertaking being executed under and by virtue of the provisions of section 588 of the Code of Civil Procedure, for the purpose of staying the execution of the judgment pending the error proceeding prosecuted to obtain a reversal thereof. The petition is in the ordinary form, and, in substance, alleges the

recovery of. the judgment superseded by the undertaking sued on; the execution, delivery and approval of the supersedeas bond; the removal of the cause to the supreme court on error, and the affirmance therein of the judgment recovered in the lower court; the issuance and filing in the district court of the mandate of the supreme court directing the enforcement of the judgment as affirmed; the assignment of the judgment to the plaintiff in the action, and that no part of the judgment, or the costs adjudged against him, had been paid by the judgment debtor, his heirs or assigns, or any other person, nor by the said defendants, who were signers of the supersedeas bond; followed by a statement of the amount due, and prayer for judgment. A demurrer was interposed, which, on consideration, was overruled, and leave given to answer, which was done. We are asked to review the ruling of the trial court on the demurrer, but that seems unnecessary, in view of the defendants' action in answering to the petition, and thus waiving the error, if any there be, in the ruling on the demurrer. *Buck v. Reed,* 27 Nebr., 67. The answer admitted the main facts alleged in the petition, and as a defense, pleaded that, pending the review of the cause in which the supersedeas bond was given in the supreme court, the judgment debtor died seized of personal and real property ample to pay all his debts, and that such judgment had been allowed as a proper claim against the estate of the deceased; that the order of allowance was in full force, and said judgment was a valid claim against the estate, which was amply sufficient for its payment. It is also alleged that the plaintiff had, after the death of the judgment debtor, intermarried with the widow of the deceased, and that the plaintiff, conspiring with the assignor of the judgment, obtained an assignment thereof for the fraudulent purpose of exempting the estate of the judgment debtor from the payment of the judgment, and to enforce collection of the same from the defendants, as sureties on the supersedeas bond, in violation of their rights. The portion of the answer relating to the filing of

the judgment as a claim against the estate, and its ability to pay the obligation, was, on motion, stricken from the answer, after which a reply consisting of a general denial was filed; and on the issues thus raised the action proceeded to trial and a judgment adverse to the defendants, from which they bring the cause here for review by proceeding in error.

The only question presented by counsel for the sureties relates to the action by the trial court in striking from the answer that portion thereof heretofore referred to, and its refusal to permit the introduction of any evidence tending to prove that the estate was solvent, and to show the ability of the plaintiff to obtain satisfaction of his judgment therefrom, and without recourse to the sureties on the supersedeas bond. Counsel say: "The position that we take is that under ordinary circumstances the creditor can elect whether he will pursue the debtor or his bondsmen, but where the creditor died during the litigation of the subject-matter, and the judgment having been allowed by the county court as a claim against the debtor's estate, and when said estate is solvent, he must pursue the same course as other creditors, and get his claim from the estate, and not be allowed to pursue and distress the securities on debtor's bond." The rule is, as we understand the authorities, that the sureties' liability on the affirmance of the judgment is absolute and unconditional,—as much so as the principal debtors,—and that the judgment creditor can not, unless, perhaps, in very exceptional cases, be required to exhaust the property of the principal on the undertaking before he is entitled to have recourse against the sureties, and collect from them what is due under the terms of the instrument. The sureties have obligated themselves unconditionally to "pay the condemnation money and costs in case said judgment shall be affirmed in whole or in part." This obligation can only be discharged by the satisfaction of the judgment, when affirmed in the appellate court, by the sureties, in the event of the failure of the principal so to do. It has been frequently held by this court that an

execution is not required to be issued, and returned *nulla bona,* as a condition precedent to maintaining a suit on the undertaking. *Cortelyou v. McCarthy,* 53 Nebr., 479; *Flannagan v. Cleveland,* 44 Nebr., 58; *Ayres v. Duggan,* 57 Nebr., 750; *Anderson v. Sloan,* 1 Colo., 484. If it is unnecessary to issue an execution against the judgment debtor, it would seem, *a fortiori,* that the judgment creditor could not be required to await the delays necessary and incident to the administration of the decedent's estate before realizing on the supersedeas bond, conditioned, as it is, for the immediate payment of the judgment on its affirmance by the supreme court. *Bingham v. Mears,* 27 L. R. A. [N. Dak.], 257; *Davis v. Patrick,* 57 Fed. Rep., 909. In the last case cited it is said: "In the case heretofore cited [*Babbitt v. Finn,* 101 U. S., 7] it was held, as before stated, that a surety in an appeal bond is not entitled to have an execution issued against the principal debtor, before suit is brought on the bond; that by the affirmance of the judgment the sureties became liable to the same extent as the principal obligor; and the same ruling has been made elsewhere. *Tissot v. Darling,* 9 Cal., 278; *Murdock v. Brooks,* 38 Cal., 596, 603; *Anderson v. Sloan,* 1 Colo., 484; *Smith v. Ramsay,* 6 Serg. & R. [Pa.], 576. If it be true that the liability of the surety is so absolute that he is not entitled to insist on the issuance of an execution against the principal debtor, it can hardly be contended that the defendants below were entitled to have the suit on the bond stayed until the attached lands were sold, and that security exhausted. If the sureties desired to avail themselves of the attachment lien, it was their plain duty to pay the judgment debt, and by so doing become subrogated to whatever lien the judgment creditor had acquired on the lands in question." It is a rule of very general application in actions at law on undertakings of the character of the one under consideration that a surety must, in the first instance, meet his obligation, and can not legally cast the burden on the person to whom the obligation runs to undertake to secure satisfaction from

the principal debtor before he may legally proceed against the surety, but, on the contrary, he may, at his election, as soon as the breach occurs, proceed to the enforcement of his rights by the virtue of the undertaking, and the legal duty rests on the surety to satisfy the obligation for which he is bound, and because thereof he may be subrogated to the rights of the judgment creditor, and may in his own behalf proceed in his own way to secure reimbursement and satisfaction from the principal debtor, for whose compliance with the terms of the undertaking he has vouched and become sponsor. We know of no sound reason or any recognized rule making an exception in a case where the principal debtor has died, and, as to his liability, satisfaction must be obtained from his estate. If the estate was solvent, then, indeed, would it be no additional burden to require the sureties to satisfy the obligation, and in turn look to the estate for the enforcement of their rights as sureties, and the rights of the obligee, to which they are subrogated by the payment of the obligation. If the obligee can not be required to resort to the property of the principal debtor in the first instance, before looking to the sureties, we are unable to distinguish, on principle, why he must, when the principal debtor dies, look to his estate for satisfaction of the obligation, before having a right to proceed against the sureties. We are of the opinion the rights of the creditor are in nowise modified or changed by reason of the decease of the judgment debtor, and the sureties can not escape the obligation they assumed, or delay its enforcement, because of that fact. The defense sought to be interposed can not avail the sureties on the bond declared on in the case at bar, and the trial court did not err in its rulings in respect of the same.

There is also complaint because the trial court did not continue the cause at the time trial was had, on the defendant's application. It is insisted that because the motion to strike out a part of the answer was sustained, and the plaintiff replied instanter to the answer as it then stood, the cause should have been continued, because the issues

were prematurely made up, and before the defendants were prepared for trial. No other reason is given for a postponement of the trial, and we know of no rule of practice that will give to a defendant, as a matter of right, a continuance of a cause on the ground that the issues, as made by the pleadings, were formed sooner than he anticipated they would be. The cause stands for trial as soon as the issues are formed, unless for some valid reason one of the parties is entitled to a postponement. We perceive no error in the record and the judgment therefore should be, and accordingly is,

AFFIRMED.