# CASES DETERMINED

## IN THE

# SUPREME COURT OF NEBRASKA

## SEPTEMBER TERM, 1915.

---

SALEM GENHO, APPELLEE, V. GEORGE R. JACKSON, APPELLANT.

FILED NOVEMBER 13, 1915. No. 18289.

1. **Pleading: DEMURRER: WAIVER.** Where a party demurs to a petition because several causes of action are improperly joined, but answers over after an adverse ruling thereon, and goes to trial on the merits of an issue he has elected to join, he waives the error, if any, in such ruling.

2. ———: ———. When a petition purports to set out several causes of action, it will be held good against a general demurrer, if one, or more, cause of action is well pleaded.

APPEAL from the district court for Phelps county: HARRY S. DUNGAN, JUDGE. *Affirmed*.

*Dravo & Dilworth*, for appellant.

*H. M. Sinclair* and *A. J. Shafer*, contra.

MORRISSEY, C. J.

Action for libel and slander and damages flowing therefrom. November 8, 1911, plaintiff consigned a car-load of cattle to Wood Brothers Commission Company of South Omaha. The cattle had been penned in the railroad stockyards at Holdrege. Defendant also had cattle in these stock-yards, and claims that four head of his fat cattle were taken out of his pen and four head of smaller cattle substituted. Discovering the exchange of cattle, he left Holdrege to follow plaintiff's shipment to South Omaha,

99 Neb.] (1)

and, when passing through Lincoln, sent the following telegram:

"Lincoln, Neb., Nov. 8, 1911.

"Wood Bros. Commission Co. Hold cattle and proceeds consigned to you by Salem Genho, Bertrand. Way-bill No. 20, Nov. 8, car C., M. & St. P. 1253. Part contents stolen. Am replevying same. Have officer arrest party in charge. Am following car. George R. Jackson."

It is alleged that this telegram was intended to, and did, charge the plaintiff with the crime of larceny. There is also an allegation that because of this telegram the sale of plaintiff's cattle was delayed and they were subsequently sold on a falling market, etc. Items of damage on this cause of action aggregating $124.69 are set out. There is a further allegation of slander because of words spoken to the sheriff of Phelps county, wherein defendant charged plaintiff with the larceny of his cattle. There is a prayer for judgment in the sum of $1,124.69. By general demurrer to the petition it was alleged that several causes of action were improperly joined, and that the petition did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendant answered, denying certain of the allegations of the petition, pleading specially to others, and finally asking an affirmative judgment against plaintiff for what he alleged to be the difference in the value of his cattle and of those substituted. There was a verdict and judgment in favor of plaintiff for $275.

It is insisted that several causes of action are improperly joined, and therefore the court erred in overruling the demurrer. A like question was presented in *Worrall Grain Co. v. Johnson,* 83 Neb. 349; but the court held that in answering over after the ruling on the demurrer, alleging that several causes of action were improperly joined, defendant waived his right to complain, citing with approval *Becker v. Simonds,* 33 Neb. 680; *Buck & Greenwood v. Reed,* 27 Neb. 67; *Pottinger v. Garrison,* 3 Neb. 221; *Lederer v. Union Savings Bank,* 52 Neb. 133; and

*Dorrington v. Minnick,* 15 Neb. 397.   In *Dinges v. Riggs,* 43 Neb. 710, plaintiff pleaded three causes of action, namely, malicious prosecution, damage to plantiff's business by arresting occupants of her place, and slander. The court said: "Dinges assigns here that the district court erred in overruling his motion to compel the plaintiff below to elect upon which one of the three causes of action stated in her petition she would rely.   There was no error in this ruling of the court.   The causes of action, and each of them, stated in the petition sounded in tort, and they all grew out of and were connected with the same transaction, and were therefore properly joined."

As to the contention that the petition did not state a cause of action, it is sufficient to say that as to one of the causes of action there is no complaint.   The demurrer went to the sufficiency of the petition as a whole, and, if any cause of action was well pleaded, no error can be predicated on the ruling thereon.

The succeeding assignments of error are aimed at the instructions of the court; but, when the instructions are considered in connection with the pleadings and the proof, no ground of criticism appears.

The cause was fairly tried and the judgment is

AFFIRMED.