RICHARD C. HUNTER, APPELLEE, v. HARRY WEINER, APPELLANT.

FILED MAY 17, 1919. No. 20521.

1. **Appeal: REPLY.** "Where, in the trial of a cause, both parties treat an affirmative defense as traversed, it will be so considered in this court, although the plaintiff filed no reply either before or after judgment." *Missouri P. R. Co. v. Palmer,* 55 Neb. 559.

2. ———: **CONFLICT IN EVIDENCE.** Where there is a substantial conflict in the evidence on an issue of fact, the finding of the jury thereon will not be set aside on appeal unless clearly wrong.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Weaver & 'Giller,* for appellant.

*James O'Hara, contra.*

ROSE, J.

The claim of plaintiff consists of the three items, as follows: Note for $600 with interest at the rate of 6 per cent. per annum from its date, November 16, 1914; note for $200 with interest at the rate of 6 per cent. per annum from its date, July 1, 1915; money lent, $50, with 7 per cent. interest from date of loan, April 2, 1915. Defendant pleaded payment. The jury rendered a verdict in favor of plaintiff for $986.51. From judgment thereon, defendant 'has appealed.

Defendant contends that the trial court erred in refusing to direct a verdict in favor of defendant on the ground that the plea of payment was not denied by a reply. The question was not presented to the trial court until after both parties had adduced their proofs in full on the issue of payment.

A rule long followed was stated in *Missouri P. R. Co. v. Palmer,* 55 Neb. 559, as follows:

"Where, in the trial of a cause, both parties treat an affirmative defense as traversed, it will be so considered in this court, although the plaintiff filed no reply either before or after judgment." *Western Horse & Cattle Ins. Co. v. Timm,* 23 Neb. 526; *Schuster Hingston & Co. v. Carson,* 28 Neb. 612; *Pokrok Zapadu Publishing Co. v. Zizkovsky,* 42 Neb. 64; *Minzer v. Willman Mercantile Co.,* 59 Neb. 410; *In re Estate of Cheney,* 78 Neb. 274; *Krbel v. Krbel,* 84 Neb. 160; *American Freehold Land Mortgage Co. v. Smith,* 84 Neb. 237; *Crilly v. Ruyle,* 87 Neb. 367; *Gruenther v. Bank of Monroe,* 90 Neb. 280; *Loan & Trust Savings Bank v. Stoddard,* 2 Neb. (Unof.) 486.

The controlling question presented is the sufficiency of the evidence to sustain the verdict. Defendant contends that payment is established by his proofs, and that there is no evidence to justify a finding to the contrary. On the issue of payment there is a substantial conflict in the evidence, and an examination of the entire record shows that the evidence fully sustains the verdict of the jury.

AFFIRMED.