PERRY M. KENNEY, APPELLEE, V. JOSEPH BRAUN, APPELLANT.

FILED DECEMBER 31, 1924. No. 22919.

Damages: PROOF. In an action by a lessee to recover damages for a wrongful eviction from a theatre leased by him for motion-picture shows, he may recover loss of profits for the unexpired portion of the term, if proved with reasonable certainty, and for that purpose correct book entries made from original accounts and showing receipts and expenses before eviction may be admitted in evidence with the consent of defendant and considered by the jury.

APPEAL from the district court for Pierce county: WILLIAM V. ALLEN, JUDGE. *Affirmed.*

Kenney v. Braun.

*H. C. Brome* and *M. H. Leamy*, for appellant.

*William L. Dowling, Earl J. Moyer* and *C. B. Ellis, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, GOOD and THOMPSON, JJ.

ROSE, J.

The petition contains two counts, one to recover $3,805 in damages for the wrongful eviction of plaintiff from a leased theatre in Pierce, including an illegal forfeiture of the lease, and the other to recover $2,000 in damages for an assault and battery. For the purpose of conducting a motion-picture business, plaintiff leased the theatre from defendant June 24, 1921, for a period beginning July 1, 1921, and ending June 30, 1922. Plaintiff was in possession of the treatre under his lease until November 8, 1921, when the building was damaged by fire. Thereafter defendant was engaged in making repairs until January 2, 1922. At that time plaintiff visited the building to discuss with defendant the progress of repairs and the condition of the building and fixtures. Plaintiff pleads that he was then and there assaulted and violently evicted by defendant, who wrongfully declared a forfeiture of the lease. In his answer defendant admitted he owed plaintiff $46 for rent paid in advance until December 1, 1921. Defendant admitted the cancelation of the lease, but alleged that plaintiff had forfeited his rights thereunder by failure to comply with its terms. Defendant also denied the unlawful assault charged, and pleaded that he used only such force as was necessary to defend and protect himself. The reply was a general denial. Upon trial of the issues raised by the pleadings, the jury rendered a verdict in favor of plaintiff on the first count for $532.12 and on the second count for $1. Defendant has appealed.

The verdict included in effect a finding that defendant waived any forfeiture which he had a right to declare under the terms of the lease. This issue was fairly submitted to the jury and their finding thereon is sustained by the evidence. In the verdict, however, the jury allowed an item

of $480 for loss of profits in the motion-picture business for the unexpired portion of the term of the lease. This item presents the controlling question on appeal. It is argued by defendant that loss of profits is not properly shown. There is proof of receipts amounting to $2,118.54 for four months while plaintiff managed the theatre, but defendant insists that there is no competent evidence of the expenses during the same period, and that therefore there is nothing to show loss of profits from the date of eviction January 2, 1922, until the expiration of the lease by its own terms June 30, 1922. The position does not seem to be well taken. There is testimony tending to prove that an account of both receipts and expenses was kept; that the items were first noted on slips of paper and later entered in a book; that the items on the slips and book were correct; that the period covered was four months prior to the fire; that the remainder of the term was at least as favorable for the motion-picture business as the time covered by the account. The book was admitted in evidence with the consent of defendant and shows receipts of $2,118.54 and expenses of $857 40. Under the circumstances the jury properly considered the entries in the account as evidence, and from them, in connection with other proofs, the loss of monthly profits exceeding in the aggregate more than $480 after eviction was fairly inferable. In this view of the record, there does not seem to be any error in giving or in refusing instructions. There is no serious complaint of damages of $1 for assault and battery. Error prejudicial to defendant has not been pointed out or found. The judgment is, therefore,

AFFIRMED.