JAMES POULTRY COMPANY, APPELLANT, V. CITY OF NEBRASKA CITY, APPELLEE.

286 N. W. 337

FILED JUNE 9, 1939. No. 30381.

*Frank A. Hebenstreit, Thomas E. Dunbar* and *Kennedy, Holland, DeLacy & Svoboda*, for appellant.

*Varro E. Tyler* and *Raymond Frerichs*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

MESSMORE, J.

This case has been previously heard by the court and an opinion adopted, appearing in 135 Neb. 787, 284 N. W. 273. Subsequently, a motion for rehearing was filed by appellant as to certain paragraphs of the syllabus and for a modification with respect thereto.

We are convinced that the law of the case, as set forth in the syllabus in the former opinion, is correct. However, certain parts of the opinion have been justly criticized by attorneys for appellant, and proper correction will, therefore, be made.

The appellant contends that evidence was offered in the lower court with respect to past·profits, not for the purpose of recovering prospective profits, but for the purpose of merely trying to recover for the value of the leasehold, as reflected by the impairment of the use to which the leasehold was adapted, by reason of the construction of the viaduct, that, therefore, the showing of past profits is a proper inquiry in order to reflect the market value of the leasehold.

We conclude the rule in this respect should be: Where past profits may be shown with a reasonable degree of certainty within the discretion of the trial court, such evidence may be admitted, not as an independent or separate element of damage, but for the purpose of showing the value peculiar to the leasehold and its location. Such evidence is admissible as elements which may be taken into account in considering the value of the leasehold. Some of the pertinent authorities supporting this rule follow:

In *Iron City Automobile Co. v. City of Pittsburgh,* 253 Pa. St. 478, 495, 98 Atl. 679, the court said: "If the leasehold is one which, because of certain peculiar qualities, in and of itself, actually produces a revenue or enables the tenant directly to make a regular saving in the conduct of his business, aside from the results of his personal management * * * then these are elements which may be taken into account in fixing the value of the term."

In *Dallas County v. Hart Bros.,* 271 S. W. (Tex. Civ. App.) 408, the court said (p. 409) : "The loss in the profits of the business then being conducted was a proper subject of inquiry, and such loss might have been considered, not as furnishing the basis of compensation, but as tending to show the diminished value of the lease." See *Hayes v. City of Atlanta,* 1 Ga. App. 25, 57 S. E. 1087.

. In this state, in the case of *Kenney v. Braun,* 113 **Neb.**

12, 201 N. W. 641, the court held: "In an action by a lessee to recover damages for a wrongful eviction from a theatre leased by him for motion-picture shows, he may recover loss of profits for the unexpired portion of the term, if proved with reasonable certainty."

In *Wittenberg v. Mollyneaux*, 60 Neb. 583, 588, 83 N. W. 842, this court said: "That a party may recover for gains prevented as well as for losses sustained when such damages are not only certain, but are the natural and probable result of the wrong complained of, is a point no longer open to dispute in this state. *Western Union Telegraph Co. v. Wilhelm*, 48 Neb. 910; *Wittenberg v. Mollyneaux*, 55 Neb. 429." See, also, *O'Shea v. North American Hotel Co.*, 109 Neb. 317, 191 N. W. 321.

This supplemental opinion is for the purpose of clarifying the court's position upon the admissibility of evidence of past profits. Any subject-matter contained in the original opinion in conflict herewith is not to be considered. In all other respects, the original opinion is adhered to.

For the reason given herein and the reasons stated in our former opinion, the judgment of the trial court is reversed, and the cause remanded, and the motion for rehearing is overruled.

JUDGMENT OF REVERSAL ADHERED TO.