ARDEN E. DINKEL, APPELLEE, V. FLORA HAGEDORN, APPELLANT.

56 N. W. 2d 464

Filed January 9, 1953. No. 33262.

*A. C. Plantz* and *Lawrence E. Mitchell,* for appellant.

*John H. Keriakedes,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Arden E. Dinkel brought this action in the district court for Sheridan County against Flora Hagedorn. The basis of the action is an alleged unlawful eviction. The relief asked is to recover damages resulting therefrom consisting of the loss of possession for the balance of the lease, loss of a growing wheat crop, and loss of grain and hay stored on the premises. A trial resulted in a verdict

for the plaintiff. Defendant thereupon filed an alternative motion asking for either a judgment notwithstanding the verdict or a new trial. This motion was overruled and judgment entered on the verdict. Defendant appealed therefrom.

The principal contentions of appellant relate to whether or not the allegations of the petition or the evidence offered in support thereof are sufficient to support the verdict rendered.

"A tenant shows a cause of action for damages for wrongful eviction by averment and proof of an unexpired contract of renting, occupancy of the premises by him, eviction or dispossession by the landlord, and damages attributable to the eviction." 52 C. J. S., Landlord and Tenant, § 460, p. 187.

Admittedly, on August 14, 1948, appellant and appellee entered into a written lease whereby appellant leased to appellee for a period of three years, from March 1, 1949, to March 1, 1952, the northwest quarter of Section 8 and the east half of Section 7, all in Township 30 North, Range 46 West of the 6th P. M., in Sheridan County, Nebraska. The lease included all buildings and improvements located on the premises but did not, by its terms, require the lessee to occupy them.

"A tenant who, being lawfully in possession, is wrongfully evicted by his landlord before the expiration of his term may bring an action for the resulting damages." 52 C. J. S., Landlord and Tenant, § 460, p. 181.

Under section 25-701, R. R. S. 1943, several causes of action may be joined in the same petition if they arise out of the same transaction. Kenney v. Braun, 113 Neb. 12, 201 N. W. 641; Ryan v. Oswald, 134 Neb. 265, 278 N. W. 508.

Appellant contends the petition is deficient in that it failed to allege appellee had complied with or had offered to comply with all conditions imposed upon him by the terms of the lease. The petition sets forth: "That plaintiff faithfully complied with and carried out all of his

obligations under said lease * * *." Appellee testified he complied with all conditions of the lease during 1949.

"Our statute expressly provides: 'In pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part.' Comp. St. 1922, sec. 8640 (now section 25-836, R. R. S. 1943). Under such statutory provision the rule appears to be: 'If defendant relies on the nonperformance of the contract by the plaintiff, he must allege that fact in his answer. In pleading such nonperformance, the facts which constitute the breach must be alleged, and the breach assigned must conform to the terms of the contract. * * * Where by statute plaintiff is authorized to plead a general performance of all conditions precedent, defendant must, if he relies on the fact that any of the conditions precedent have not been performed, set out specially the condition and the breach, thus confining the issue to be tried to such particular condition or conditions precedent as he may indicate as unperformed.' " Morearty v. City of McCook, 119 Neb. 202, 228 N. W. 367. See, also, Lehnherr v. National Accident Ins. Co., 126 Neb. 199, 252 N. W. 823; Davidson v. First American Ins. Co., 129 Neb. 184, 261 N. W. 144.

The only issue raised by appellant in her amended answer was abandonment. That issue was submitted. The effect of the jury's verdict was that appellee had not abandoned the premises. We find no merit in this contention.

Appellant contends the allegations in the petition as to the force used should have been more definite and certain and that her motion to that effect should have been sustained. The petition alleges: "* * * that on or about 24 November 1949 defendant re-entered said premises and ousted the plaintiff there from by force of arms." We think it would have been better practice if the trial court had required appellee to make his petition more

definite in this respect but we do not find appellant was prejudiced thereby.

In view of the fact that appellant, after her motion to make more definite and certain and demurrer had both been overruled, filed an amended answer on which trial was had, the following rule is applicable: " 'Where a party answers over after an adverse ruling on his motion or demurrer, and goes to trial on the merits of an issue he has elected to join, he waives the error, if any, in such ruling.' Worrall Grain Co. v. Johnson, 83 Neb. 349, 119 N. W. 668. See, also, Palmer v. Caywood, 64 Neb. 372, 89 N. W. 1034; Citizens State Bank v. Pence, 59 Neb. 579, 81 N. W. 623; Lederer v. Union Savings Bank, 52 Neb. 133, 71 N. W. 954; Buck v. Reed, 27 Neb. 67, 42 N. W. 894." State ex rel. Wright v. Barney, 133 Neb. 676, 276 N. W. 676.

Appellant contends, because no reply was filed to her amended answer, that the defense therein pleaded of abandonment was admitted. In support thereof she cites the following rule: "Every material allegation of new matter in a pleading not denied by the answer or reply, for the purposes of the action is to be taken as true." Consaul v. Sheldon, 35 Neb. 247, 52 N. W. 1104. See, also, Van Etten v. Kosters, 48 Neb. 152, 66 N. W. 1106; Harlan County v. Hogsett, 60 Neb. 362, 83 N. W. 171.

The court gave the following instruction: "The plaintiff denies each and every allegation of new matter contained in the defendant's answer."

It is apparent from the record that it was so considered by the parties at the time of trial. We find the following rule here applicable: " 'Where during the trial of a cause both parties treat an affirmative defense as denied, it will be so considered in this court, although the plaintiff filed no reply either before or after judgment.' Crilly v. Ruyle, 87 Neb. 367, 127 N. W. 251. See, also, Hunter v. Weiner, 103 Neb. 538, 172 N. W. 521; In re Estate of Nilson, 126 Neb. 541, 253 N. W.

675." Central Construction Co. v. Highsmith, 155 Neb. 113, 50 N. W. 2d 817.

Appellant contends that the evidence introduced by appellee fails to show he was evicted from the premises and that her motion for a judgment notwithstanding the verdict should have been sustained. In considering the evidence in this regard the following rule is applicable: "A motion for directed verdict or for judgment notwithstanding the verdict must, for the purpose of decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence." Stark v. Turner, 154 Neb. 268, 47 N. W. 2d 569.

There is evidence from which a jury could have found as follows: That appellee commenced occupying the premises in 1947; that he continued to occupy them after March 1, 1949, under the three-year lease entered into on August 14, 1948; that sometime before November 24, 1949, he rented some other lands located in Dawes County; that on November 24, 1949, he moved his family to these other premises; that upon leaving he locked the house; that he left on the farm in Sheridan County a team of horses, a combine, a one-way, grain in storage, and hay in the stack; that he returned to the Sheridan County place about two weeks later and found the house and all the grain bins had been padlocked; that he returned again in April 1950, about the 15th, to get some barley; that he was then ready to start farming operations on this land; that appellant refused to let him take any barley and made him get off the place; that he returned again sometime in July 1950 to combine the winter wheat; that appellant had harvested it before he could do so; and that he returned sometime in July 1950, around the 26th, to get the wheat stored on the place,

which was under government loan, in order to deliver it but appellant made him get off the place.

The following principles are here applicable:

"Actual eviction of a tenant by his landlord consists of removal or exclusion of the tenant from the premises, or a part thereof, by physical acts, or threats of violence equivalent to force, on the part of the landlord." 52 C. J. S., Landlord and Tenant, § 450, p. 168.

"It is also an eviction where the landlord, without the tenant's consent, enters and takes possession of the demised premises, or any part thereof, during the continuance of the lease, and excludes the tenant therefrom." 52 C. J. S., Landlord and Tenant, § 450, p. 168.

"Even though the tenant has voluntarily left the premises, an entry by the landlord without his consent and not under any arrangement with him, followed by a continuous possession which is inconsistent with the possessory title assured to the tenant under the lease, amounts to an eviction, * * *." 52 C. J. S., Landlord and Tenant, § 450, p. 169.

"In determining whether there has been an actual expulsion of a tenant, with intent and effect of depriving him of the premises or some substantial part thereof, all the circumstances must be considered." 52 C. J. S., Landlord and Tenant, § 450, p. 170.

We think the evidence adduced by appellee is sufficient to permit a jury to find that he had been forcibly evicted from the premises by the appellant.

Appellant complains of instruction No. 8 given by the court. This complaint is apparently made on the theory that a recovery on the basis therein permitted was not proper. Appellant cites the following authority in support thereof: "The measure of damages for the wrongful eviction of a tenant by his landlord, or for wrongfully withholding possession of the leased premises, is ordinarily the rental value of the property for the unexpired term, less the amount of rent reserved by the lease." Shutt v. Lockner, 77 Neb. 397, 109 N. W. 383.

See, also, Jarman v. Sexton, 130 Neb. 453, 264 N. W. 305.

It should be mentioned that both of these cases provide: " 'In a proper case special damages in addition may be awarded, where such damages are certain and the natural result of the wrong complained of.' Shutt v. Lockner, 77 Neb. 397, 109 N. W. 383." Jarman v. Sexton, *supra.*

But here the question of damages for the wrongful withholding of possession during the balance of the unexpired term was withdrawn by the court and not submitted to the jury. Instruction No. 8 permits appellee to recover as damages, if he was evicted without good cause and prevented from removing them, the reasonable market value of his share of the harvested crops and hay grown on the premises in 1949 and stored thereon together with the reasonable market value of his share of the winter wheat growing thereon at the time of his eviction.

There is evidence from which a jury could find that when appellee moved from the premises he left 12 tons of hay in the stack the reasonable market value of which at that time was $8 a ton; that he left 134 bushels of barley the reasonable market value of which at that time was $.88 a bushel; that he had a ⅔ interest in at least 200 bushels of wheat the reasonable market value of which at that time was $1.97 a bushel; that there were about 75 acres of winter wheat growing on the place on November 24, 1949, in which he had a ⅔ interest which was reasonably worth $900; and that appellant prevented appellee from getting this property, seized it, and converted the same to her own use. The evidence fully justified the giving of this instruction. It was not only proper, but necessary, for the court to give such an instruction so the jurors would know, if they found for the appellee, what they should consider in arriving at the amount of their verdict.

The verdict returned was in the sum of $982.58 and, as indicated by the evidence recited, is fully supported

thereby. We find no merit in appellant's contentions and therefore affirm the judgment of the trial court.

AFFIRMED.