WILLIAM SONNEMAN ET AL., APPELLEES, V. FARRELL F. DOLAN ET AL.: JESSE HIGHBERGER, APPELLANT.

FILED MAY 12, 1933. No. 28509.

*E. H. Evans* and *Urban Simon,* for appellant.

*Milton C. Murphy, William E. Shuman, George N. Gibbs* and *Halligan, Beatty & Halligan, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

This is an action on a supersedeas bond. Judgment was rendered against three defendants, all of the obligors, without reciting who was principal and who were sureties. One of the sureties appealed, assigning omission of such a recital as an erroneous departure from statute. Comp. St. 1929, sec. 20-1544. This assignment raises the question presented by the appeal.

The facts are not in dispute. In a former action by William Sonneman, for the alienation of his wife's af-

fections, against Burford J. Atkinson, the jury rendered in favor of plaintiff a verdict for $20,000, which was reduced by remittitur to $15,000. Judgment therefor was entered on the verdict. To stay execution pending appeal, Atkinson gave a supersedeas bond in the penal sum of $31,000, binding himself to prosecute his appeal without delay and to "pay all condemnation money and costs which may be found against him on a final determination, of said cause in the supreme court." The supersedeas bond recited on its face that Atkinson was principal and that F. F. Dolan and Jesse Highberger were sureties and was so signed by them. Pending appeal, Sonneman assigned 55 per cent. of his judgment to his attorneys, George N. Gibbs, William E. Shuman, and Robert H. Beatty. The judgment was affirmed. *Sonneman v. Atkinson*, 121 Neb. 752.

After the cause was remanded to the district court for enforcement of the judgment, Sonneman and his assignees, plaintiffs, brought the present action on the bond, making the three obligors defendants, pleading the 15,000-dollar judgment, the supersedeas, the affirmance, and non-payment. In an answer to their petition, Dolan and Highberger stated they were sureties and denied liability, but alleged, in the event of a decision against them, that the judgment should designate them as sureties and direct the clerk, in issuing execution, to order the sheriff to exhaust the property of the principal before levying on property of the sureties.

The parties waived a jury and the cause was tried to the district court. Judgment was entered against the three obligors, holding them jointly and severally liable for $15,000, interest and costs, without reciting that Dolan and Highberger were sureties for Atkinson or requiring the judgment creditor to exhaust the principal's property before levying on the property of the sureties. From this judgment Highberger appealed.

Does the law require the obligee, judgment creditor, to exhaust the property of the principal on execution be-

fore resorting to the property of the sureties? On the affirmative of this question a statute and an earlier decision are cited. The statute provides:

"In all cases where judgment is rendered in any court of record within this state, upon any other instrument of writing, in which two or more persons are jointly and severally bound, and it shall be made to appear to the court, by parol or other testimony, that one or more of said persons so bound signed the same as surety or bail for his or their codefendant, it shall be the duty of the clerk of said court in recording the judgment thereon, to certify which of the defendants is principal debtor, and which are sureties or bail. The clerk of the court aforesaid shall issue execution on such judgment, commanding the sheriff or other officer to cause the money to be made of the goods and chattels, lands and tenements, of the principal debtor, but for want of sufficient property of the principal debtor to make the same, that he cause the same to be made of the goods and chattels, lands and tenements, of the surety or bail. In all cases the property, both personal and real, of the principal debtor, within the jurisdiction of the court, shall be exhausted before any of the property of the surety or bail shall be taken in execution." Comp. St. 1929, sec. 20-1544.

This statute was held to apply to a judgment on a supersedeas bond staying execution pending appeal from the district court to the supreme court in *Van Etten v. Kosters*, 48 Neb. 152—a case directly in point cited by Highberger, surety and appellant. If the opinion therein correctly states and applies the law, the obligee, judgment creditor, should be required to exhaust the property of the principal on execution before levying on property of the sureties.

On the contrary, it is argued that the liability of the sureties is the same as that of the judgment debtor and that their property may first be seized by the sheriff and sold on execution to satisfy the debt. In support of this

view, another statute and another Nebraska case are cited. The statute upon which the judgment creditor relies is in part as follows:

"No appeal in any case shall operate as a supersedeas, unless the appellant or appellants shall within twenty days next after the rendition of such judgment or decree, or the making of such final order, execute to the adverse party a bond with one or more securities as follows: First. When the judgment, decree or final order appealed from directs the payment of money, the bond shall be in double the amount of the judgment, decree or final order, conditioned that the appellant or appellants will prosecute such appeal without delay and pay all condemnation money and costs which may be found against him or them on the final determination of the cause in the supreme court." Comp. St. 1929, sec. 20-1916.

It is argued on behalf of obligee, judgment creditor, that this statute is part of the bond; that it is a "special law," so called, imposing on sureties the liability of their principal and controlling the "general statute" relating to judgments and executions against sureties. To sustain this position *Palmer v. Caywood*, 64 Neb. 372, is cited and discussed with confidence. The question therein presented was the right of a judgment creditor to maintain an action on a supersedeas bond before pursuing the principal debtor by execution. The right to do so was properly sustained, but the opinion goes further and adopts the dictum that "The judgment creditor cannot, unless, perhaps, in very exceptional cases, be required to exhaust the property of the principal on the undertaking before he is entitled to have recourse against the sureties and collect from them what is due under the terms of the instrument." The earlier case and statute were not mentioned in the opinion in the case last cited and were apparently overlooked. With the quoted dictum eliminated, the two cases may be harmonized, when the special and the general statutes are considered together, as they should be. The sureties on a supersedeas bond may be

adjudged liable under the special statute for the full amount of the superseded judgment and at the same time may insist on the exhausting of the principal's property first, as authorized by the general statute. Effect should be given to both unless there is an irreconcilable conflict between them, which does not exist, when each is properly construed with reference to the other. Both, in so far as applicable, should be considered parts of the supersedeas bond. The dictum in the *Palmer-Caywood* case cited recognizes exceptions to the general doctrine stated therein. If the judgment debtor or principal has no property subject to levy, or dies and leaves an estate in course of settlement, or absconds, taking his property with him, or possesses only property impounded or attached in other litigation, the law does not necessarily require the innocent obligee, judgment creditor, to trifle with a vain execution before levying on property of sureties against whom judgment has been rendered on the supersedeas bond. The present case is different. The record discloses without dispute that Highberger signed the supersedeas bond as surety, but fails to show that Atkinson, the principal, had no property in Lincoln county subject to execution. The statute requiring the judgment creditor to first exhaust the property of the principal is applicable generally to sureties on supersedeas bonds to stay proceedings pending appeals from the district courts to the supreme court, as held in *Van Etten v. Kosters,* 48 Neb. 152, but, for the reasons stated in the opinion in that case, does not apply to undertakings in appeals from justices of the peace.

In these views of the law, the judgment of the district court is erroneous in failing to state who is principal and who are sureties, and in failing to require plaintiffs to exhaust on execution the property of Atkinson, the principal, before levying on the property of Highberger, one of the sureties. For the purpose of correcting the judgment below in those particulars, it is reversed as to Highberger and the cause remanded.

REVERSED TO CORRECT JUDGMENT.